418 A.2d 705

**Brenda SMITH, Appellant,**

v.

**HARLEYSVILLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 10, 1979.

Filed Feb. 22, 1980.

Reargument Denied April 29, 1980.

Petition for Allowance of Appeal Granted Dec. 2, 1980.

---

1. Appellant raises five other points for our consideration which we have reviewed and found to be meritless.

Allen L. Feingold, Philadelphia, for appellant.

Donald B. Scace, Jr., Philadelphia, for appellee.

Before PRICE, VAN der VOORT and WIEAND,* JJ.

WIEAND, Judge:

The issue in this appeal is whether an insurance company which improperly refuses to pay benefits under the Pennsylvania No Fault Motor Vehicle Insurance Act becomes liable for punitive damages. The trial court sustained the insur-

* Judge Donald E. Wieand is sitting by special designation.

er's preliminary objections and dismissed a count of the complaint which requested an award for punitive damages. The plaintiff appealed.

Brenda Smith alleged that she had sustained personal injuries while riding as a passenger in a vehicle which had been involved in an accident. In the first count of her complaint she alleged that Harleysville Insurance Company had refused to make payment to her of medical bills in the amount of $411.00. In the second count, she averred that the insurer's refusal to make payments was malicious and intended to harass her. No facts were alleged to support such a charge.

The law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract. *Hoy v. Gronoble*, 34 Pa. 9 (1859); *Board v. Bell Telephone Co. of Pennsylvania*, 43 Pa.Dist. & Co.2d 707 (1967); *Wood v. Hahnemann Medical College & Hospital*, 1 Pa.Dist. & Co.3d 674 (1976); Restatement, Contracts § 342.

It is also clear that the No Fault Act makes no provision for an award of punitive damages against an insurer who wrongfully withholds payment of a just claim. Instead, the statute provides for interest on overdue payments at the rate of 18 percent per annum. 40 P.S. § 1009.106(a)(2). It also provides that where a denial of a claim has been "without reasonable foundation", the claimant shall be entitled to be paid reasonable attorney's fees. 40 P.S. § 1009.107(3). An insurance statute which imposes a penalty or the payment of counsel fees must be strictly construed. Couch on Insurance, 2 ed. § 58.10; 46 C.J.S. 715, § 1406–09. A court should not rewrite a statute to provide penalties not deemed necessary by the legislature.

Appellant argues, however, that the insurer's failure to make payment constituted a malicious tort for which punitive damages may be assessed. We reject this contention. It would be improvident to permit a rule of law by which a breach of contract may readily be converted into an action for a malicious tort. To do so would be to place insurance

companies into a situation wherein they would be risking a tort action every time they denied insurance coverage no matter how frivolous the claim. *D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Company*, 262 Pa. Super. 331, 383, 396 A.2d 780, 781 (1978) (allocatur granted).

We conclude, therefore, that the trial court properly caused the claim for punitive damages to be stricken from appellant's complaint. Neither the statute nor the common law permits recovery of punitive damages for breach of a contract of no fault insurance.

Order affirmed.