## Herzon v. Blue Cross of Lehigh Valley

*Charles R. Osinski,* for plaintiff.
*Oldrich Foucek, III,* for defendant.

WIEAND, *J., Specially Presiding,* December 16, 1980—In this civil action plaintiff, Richard Herzon, has pleaded in the first count of his complaint a cause of action for breach of a contract of hospital insurance. The portion of plaintiff's hospital bill which defendant, Blue Cross of Lehigh Valley, has refused to pay is $1,709.30. Without averring additional facts, plaintiff then asserts in three additional counts that defendant's refusal to pay the disputed claim is (1) a violation of the coverage which plaintiff reasonably expected, which expectation defendant is estopped from denying; (2) a breach of the fiduciary duty owed by defendant to its insured; and (3) a violation of the Pennsylvania Unfair Insurance Practices Act of July 22, 1974, P.L. 589, 40 P.S. § 1171.1 et seq. In addition to his unpaid hospital bill, plaintiff seeks compensatory damages for emotional distress and counsel fees. He also seeks to recover punitive damages because of the "unconscionable, contumacious and obdurate behavior of the Defendant" in denying his claim. Defendant filed preliminary objections in the nature of a demurrer to the additional counts in the complaint and moved to strike the claims for mental distress and punitive damages.

Several matters are immediately apparent. The first is that plaintiff has pleaded in the first count of

his complaint a valid and proper cause of action for breach of contract. Plaintiff's rights, if any, must be determined in the first instance by the contract of insurance. If the issue in dispute is the extent of the coverage provided by the policy of insurance issued by defendant, this will have to be determined according to the interpretation to be placed on the policy.

In the second count plaintiff avers that coverage, if not explicitly provided by the terms of the policy, was within his "reasonable expectations." Plaintiff has averred in this count no circumstances other than the language of the policy itself. Nevertheless, the preliminary objections must be overruled. In Collister v. Nationwide Life Insurance Co., 479 Pa. 579, 388 A. 2d 1346 (1978), the Supreme Court committed Pennsylvania to a doctrine honoring the reasonable expectations of the insured, even when those expectations are contrary to the terms of the policy. See 52 Temple L.Q. 748. In that case, at least, the court imposed upon the insurer the burden of proving that an applicant could not have reasonably expected coverage. See, also, Sands v. Granite Mutual Ins. Co., 232 Pa. Superior Ct. 70, 81, 331 A. 2d 711, 717 (1974).

In the absence of additional facts, however, plaintiff's rights cannot be enlarged by referring to defendant's breach of contract, if any, as a violation of defendant's "fiduciary" duty. The extent of the insurer's duty to deal in good faith is determined by its obligations under the policy. To be sure, defendant must exercise care and adjust an insured's claim with good faith, but this duty does not require an insurer to pay claims for which coverage has not been provided.

Plaintiff contends that because defendant's refusal to pay his claim in full is a violation of the fiduciary duty to exercise good faith, defendant is liable to him for emotional distress. The present state of the law in Pennsylvania is that an insurer is not liable for mental or emotional distress in breach of contract situations. See D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co., 262 Pa. Superior Ct. 331, 396 A. 2d 780 (1978) (allocatur granted); Niederman v. Brodsky, 436 Pa. 401, 261 A. 2d 84 (1970); Batka v. Liberty Mutual Ins. Co., _____ F. Supp. _____ (E.D. Pa. 1980). See, also, Mazzula v. Monarch Life Insurance Company, _____ F. Supp. _____ (E.D. Pa. 1980). Moreover, plaintiff has not sufficiently pleaded a cause of action asserting an intentional infliction of emotional distress. See Raab v. Keystone Ins. Co., _____ Pa. Superior Ct. _____, 412 A. 2d 638 (1979); Restatement, 2d, Torts, § 46. Therefore, we decline to speculate, as plaintiff urges us to do, that the Supreme Court, having granted allocatur in D'Ambrosio, will allow an insured to recover for emotional distress caused by an intentional or reckless breach of contract by an insurer.

Plaintiff's fourth count avers that defendant's handling of plaintiff's claim constituted a violation of the Pennsylvania Unfair Insurance Practices Act of July 22, 1974, P.L. 589, 40 P.S. § 1171.1 et seq., for which he is entitled to recover punitive damages. The same argument was presented to the Court of Common Pleas of Lackawanna County in Stack v. Nationwide Mutual Fire Insurance Co., 7 D. & C. 3d 113, 114 (1978), which rejected the same as follows: "It is clear that the case law of Pennsylvania does not provide for a private cause of

action for punitive damages for the alleged bad faith in settling and adjusting claims. See Very, The Pennsylvania Unfair Insurance Practices Act— The Sleeping Giant, 46 Pennsylvania Bar Association Quarterly 438 at 444. Similarly, the Unfair Insurance Practices Act, supra, does not provide for this private cause of action for punitive damages. Indeed, the fact that the statute in question sets forth administrative remedies . . . indicates that plaintiffs are limited to these administrative remedies: Collins v. Northwestern National Insurance Group, 2 D. & C. 3d 568 at 574 (1977)."

We agree that the Pennsylvania Unfair Insurance Practices Act was not intended to create and did not create a private cause of action for punitive damages. The law is well established in Pennsylvania that punitive damages are not recoverable in an action for breach of contract. Smith v. Harleysville Insurance Co., _____ Pa. Superior Ct. _____, 418 A. 2d 705 (1980); Pittsburgh, C. & St. L. Ry. Co. v. Lyon, 123 Pa. 140, 16 Atl. 607 (1889); Hoy v. Gronoble, 34 Pa. 9 (1859); Mazzula v. Monarch Life Insurance Company, supra; Fincke v. Phoenix Mutual Life Insurance Co., 448 F. Supp. 187 (W.D. Pa. 1978); Wood v. Hahnemann Medical College & Hospital, 1 D. & C. 3d 674 (1976); Restatement, Contracts, § 342. We should be extremely cautious about changing this salutary rule of law by permitting an action on a policy of insurance to be styled an action in trespass rather than assumpsit for the mere purpose of recovering punitive damages: Smith v. Harleysville Insurance Co., supra. Cf. Raab v. Keystone Ins. Co., supra. To do so would be to place insurance companies into a situation wherein they would be risking a tort action for punitive damages every time they denied recovery,

no matter how frivolous the claim: Smith v. Harleysville Insurance Co., supra; D'Ambrosio v. Pennsylvania National Mutual Casualty Insurance Co., supra.

For these reasons, we conclude that the third and fourth counts of plaintiff's complaint, including the claims for punitive damages and compensatory damages for emotional distress, must be stricken.

## ORDER

Now, December 16, 1980, it is ordered that the third and fourth counts of plaintiff's complaint, together with the claims for punitive damages and compensatory damages for emotional distress, be and the same are hereby stricken from said complaint. Defendant is directed to file an answer on the merits to the remaining counts of the complaint within 20 days after notice of this order.