## Dunye v. Insurance Company of North America

*Allen L. Feingold*, for plaintiff.
*Joseph W. McGuire*, for defendant.

GUARINO, *J.*, July 3, 1981—As a result of injuries sustained in an automobile accident on November 9, 1975, plaintiff, Edith Dunye and her two children, filed an action to recover No-fault benefits on November 9, 1979. The complaint consists of six counts, three of which demand punitive damages and three of which claim medical expenses and work loss benefits. The matter is before us on defendant's motion for sanctions for failure to comply with a court order to answer interrogatories and for summary judgment. The resolution of the issues raised by these motions is achieved in the context of the No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq, and the procedural and substantive law governing entry of a summary judgment and sanctions in discovery.

The No-fault act provides for the automatic payment of benefits on a monthly basis as medical expenses and work losses are sustained: 40 P.S. §1009.106(a)(1). In submitting a claim for these benefits, the claimant must provide the obligor with reasonable proof of the fact and amount of loss sustained: 40 P.S. §1009.106(a)(2). In an action for the recovery of medical expenses and work loss benefits, the injured party must allege and prove the specific amount of the medical expenses and wage loss claimed, the dates when they were incurred, their relation to the automobile accident, the reasonableness and necessity of the medical expenses, the dates when the claims were submitted to the insurer and the non-payment of benefits.

See Miller v. Harleysville Ins. Co., 3 PICO 505, 11 D. & C. 3d 235 (1979). Pa.R.C.P. 1035(a) provides that:

after the pleadings are closed . . . any party may move for summary judgment on the pleadings, depositions, answers to interrogatories, admissions on file and supporting affidavits, if any.

A summary judgment lies where, viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of fact and it clearly appears that the non-movant cannot recover as a matter of law: Thompson Coal Co., v. Pike Coal Co., 488 Pa. 198, 412 A. 2d 466 (1979); Giannini v. Carden, 286 Pa. Superior Ct. 450, 429 A. 2d 24 (1981); Hankin v. Mintz, 276 Pa. Superior Ct. 538, 419 A. 2d 588 (1980). The court may sanction a party who disobeys a court's order to answer interrogatories by prohibiting him from introducing evidence or by entering a judgment for his opponent: Pa.R.C.P. 4019(c)(2)(5).

On May 2, 1980, Judge Hill ordered plaintiff to make responsive and adequate answers to interrogatories No. 4 and 14 and to furnish medical bills and reports of Dr. Daniel Friedman, and to submit same at the depositions which had been scheduled for May 21, 1980. Judge Hill was present on the scheduled date and, finding that the answers submitted were inadequate, entered an order that day giving plaintiff ten days to comply under threat of sanctions. Purporting to comply, plaintiff introduced three letters which counsel had previously mailed to defendant, dated July 3, 1977, January 28, 1978, and March 9, 1978. The March 9 letter enclosed a letter from the principal of Shaw Junior High School where plaintiff was employed as a teacher. This letter listed the various dates from

January 26, 1976 to January 13, 1978 on which plaintiff had been absent due to personal illness, stating that plaintiff's biweekly salary in 1978 was $1,076.13.[1] The other letters enclosed medical bills and reports of Dr. Paul Friedman and Dr. Jose Auday. Since none of the letters concerned the medical bills and reports of Dr. Daniel Friedman which Judge Hill had specifically ordered plaintiff to provide, sanctions are in order.

Before administering the sanctions, we turn to consider the motion for summary judgment. Defendant contends that judgment lies as to the counts alleging punitive damages and as to the claims barred by the statute of limitation.

Three of the six counts of the complaint, where plaintiff demands payment of punitive damages for defendant's willful refusal to pay no-fault benefits, are as a matter of law unavailable. Punitive damages for failure to make payment of no-fault benefits are not recoverable even where the insurer wrongfully and willfully refuses to pay: Gurrick v. Gov. Emp. Ins. Co., 278 Pa. Superior Ct. 437, 420 A. 2d 620 (1980); Smith v. Harleysville Ins. Co., 275 Pa. Superior Ct. 246, 418 A. 2d 705 (1980). The law in Pennsylvania has always prohibited recovery of punitive damages for breach of contract and the Superior Court has reasoned that since the legislature provided for interest on overdue payment, 40 P.S. § 1009.106(a)(2) and attorney's fees, 40 P.S. § 1009.107(3), it intended those remedies to be exclusive.

---

1. We agree with defendant's contention that this information does not permit calculation of the total amount of the work losses claimed from the November 9, 1975 accident, that plaintiff has failed to comply with Judge Hill's order, and that sanctions are in order. We do not address this issue, however, for reasons that will hereinafter become apparent to the reader.

On the question of whether the claims for medical expenses and wage loss are barred by the statute of limitation, the pertinent facts, established by the record and by discovery, are as follows. The accident occurred on November 9, 1975. Plaintiff incurred medical expenses on various occasions from the date of the accident up to January 24, 1977.[2] A claim for these was submitted to defendant on July 3, 1977. Plaintiff suffered wage losses from January of 1976 to January of 1978,[3] for which a claim was submitted to defendant on March 9,

---

2. See plaintiff's answer to interrogatory No. 3:

| HOSPITAL OR PHYSICIAN | DATES | EXPENSES |
|---|---|---|
| E.D. St. Luke's Hospital | 3/16/76 to 3/22/76 | $824.35 |
| Dr. Auday | 1/24/77 | $75.00 |
| D. Friedman (Paul) | | $115.00 |
| Dr. D. Friedmann | incomplete | |
| C.D. Dr. Auday | 1/24/77 | $75.00 |
| Dr. D. Friedmann & Northeast Medical Equip. Co. | | (Incomplete) |
| West Park Hospital | 11/9/75 | $30.00 |
| G.D. D. Auday | 1/24/77 | $130.00 |
| Dr. D. Friedmann & Northeast Med. Equip. Co. | | (Incomplete) |

3. The letter from plaintiff's employer lists her absences as follows:

1976 January 26
March 12, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 29, 30, 31
April 1, 2, 7, 8, 9
June 3, 4
1977 January 12
March 21, 22
May 6
June 3, 6, 7, 8, 9, 10, 13, 14, 15
16, 17, 20, 21, 22, 23
December 22
1978 January 3, 4 5, 6, 13

1978. The present action was not filed until November 9, 1979.

The time limitation when one may commence an action for recovery of no-fault benefits is governed by the No-fault Motor Vehicle Insurance Act.[4] See Trimview v. Keystone Ins. Co., 3 PICO 420 (C. P. Phila. 1978), 10 D. & C. 3d 492 (1980). In its pertinent part, section 106(c)(1) provides that:

If no-fault benefits have not been paid for loss . . . *an action therefor may be commenced not later than two years after the victim suffers the loss* and either knows . . . or should have known . . . or not later than four years after the accident, whichever is earlier. (Emphasis supplied.)

While the language in this section is clear and unambiguous and might be applied to the present case without further factoring, parsing the sentence and defining its terms will be helpful in understanding its application to the present case. As indicated, the run date begins when the "victim suffers the loss." Section 103 [40 P.S. §1009.103] defines loss an an

---

4. This time limitation conflicts with the limitation generally applicable to actions in assumpsit. See 42 Pa.C.S.A. §5577. It is the mandate of the legislature that whenever a general provision in a statute conflicts with a special provision of the same or another statute, the two shall be construed so as to give effect to both, and if the conflict is irreconcialable, the special provision shall prevail and shall be construed as an exception to the general provision: 1 Pa.C.S.A. §1933; Paxon v. Mayman Inc. v. Com. Liq. Control Board, 11 Phila. 136, 312 A. 2d 115 (1973). Since the statute of limitation in assumpsit actions is general in that it applies to all assumpsit actions, while the time limitation in the No-fault Act is special, in that it applies only to the special situations provided for by that Act, the latter must prevail. See Willbet Enterprises Inc. v. Eugene J. Alten Enterprises, 5 PICO _____ (C. P. Phila. 1979), aff'd 280 Pa. Superior Ct. 655, 425 A. 2d 837 (1980).

[a]ccrued economic detriment resulting from injury arising out of the maintenance or use of a motor vehicle consisting of, and limited to allowable expense, [reasonable charges incurred for necessary medical treatment], and work loss, [a loss of gross income] . . .

The economic detriment or the "loss" accrues
. . . not when injury occurs, but as allowable expense [and] work loss . . . [are] sustained, 40 P.S. § 1009.106(a)(1), or one suffers, bears or undergoes the expense or loss. See Black's Law Dictionary, p. 1094 (4th Ed. 1951).

Transposing these definitions syntaxically, we arrive at the rule that suit to recover no-fault benefits must be commenced no later than two years after the allowable expenses and work losses are sustained and not from the date the accident occurred. One sustains, bears, suffers or undergoes the medical expenses when he receives the medical treatment; it is then that he becomes liable or obligated to pay the doctor. He suffers or bears a wage loss when he misses time from work; it is then that he suffers a diminution in his pay. We are not unmindful that our distinguished jurist and colleague Judge Forer gave sec. 106(c)(1) a different slant and interpretation. In Trimview v. Keystone Ins. Co., supra, she held that the statute of limitations does not begin to run until the 31st day after the doctor files the Pa. No-fault Motor Vehicle Insurance Act Attending Physician Report (a form provided by the Commonwealth), when plaintiff is presumed to know that his claim will not be paid. This conclusion that section 106(a) "must be interpreted to mean that claimant knew or should have known that the loss was caused by the accident in question . . . [within] two years from the filing of

the Pa. No-fault Motor Vehicle Insurance Act Attending Physician's Report" is an unwarranted interpolation that in our considered opinion is in conflict with the clear language of the section. The adjectival phrase "knew or should have known" enlarges the two year limitation to the limit of four years only when the loss sustained was unknown or could not have been discovered sooner. In Trimview, as here, where the losses are known and there is no allegation that they could not have been discovered sooner, the earlier date— the two year limitation—applies. See Myers v. USAA Casualty Ins. Co., 4 PICO 96 (C. P. Phila. 1980). Therefore, all medical expenses and wage losses which are sustained within two years of the filing of the complaint and which have been previously submitted to the obligor and not paid within 30 days of receipt are recoverable.

Except for Dr. Daniel Friedman's medical treatments, of which plaintiff has given no information at all, all the medical expenses were sustained and billed more than two years prior to November 9, 1979, the date of the commencement of the action, to wit: in 1975, 1976 and January 1977. Clearly, these claims are barred. All of the work losses claimed by plaintiff, except for six days, December 22, 1977 and January 3, 4, 5, 6, and 13, 1978, are also barred by section 106(c)(1).

As for the other claims, the claim for Dr. Daniel Friedman's medical bills and the six day wage loss claim which survived the bar of the statute of limitations, a judgment will also be entered. With respect to the medical bills, there is insufficient evidence to support a claim and the motion for summary judgment lies as a matter of law. See Harris, et al v. DiMarcello, 3 PICO 445, 450 (C. P. Phila. 1979). With respect to the remaining six days of the

wage loss claim, the evidence, while equivocal, is not so insufficient and free of doubt as to entitle defendant to a judgment as a matter of law. Nevertheless, judgment shall be entered as a sanction for plaintiff's failure to obey the order of Judge Hill to specifically answer the interrogatories on work loss: Pa.R.C.P. 4019(c)(2)(5).

Accordingly, we enter the following

## ORDER

And now, July 3, 1981, it is hereby ordered and decreed that defendant's motion for sanctions and for summary judgment are granted and plaintiff's complaint is dismissed in its entirety.