437 A.2d 52

**Marie L. CRUSCO, Admx. of the Estate of Marie Casper, a/k/a Marie Zampino, a/k/a Marie Parlapiano, Deceased, Appellant,**

**v.**

**INSURANCE COMPANY OF NORTH AMERICA.**

Superior Court of Pennsylvania.

Argued Dec. 2, 1980.

Filed Nov. 13, 1981.

Morris M. Shuster, Philadelphia, for appellant.

George J. McConchie, Media, for appellee.

Before SPAETH, BROSKY and LIPEZ, JJ.

BROSKY, Judge:

This case is before us on appeal from a grant of summary judgment to appellee insurance company in a suit brought by appellant to recover benefits under a policy issued pursuant to the Pennsylvania No-fault Motor Vehicle Act.[1] Appellant's decedent was killed when an explosion occurred in the motor home she was occupying. Gas was leaking from the line to the refrigerator in the motor home and the explosion happened when the oven was lit during the preparation of dinner. The motor home was parked in a parking lot of the manufacturer of the vehicle at the time of the incident.

Appellant contended below and now argues to us, that this accident arose out of the use of a motor vehicle and that the policy should therefore be interpreted as providing coverage. She also argues that appellee should be precluded from rejecting her claim because it did not comply with the terms of 40 P.S. § 1009.106(a)(5), regarding the rejection of claims. We do not agree with either of appellant's contentions and therefore affirm the order.

Appellant claims that her decedent is a deceased victim as defined in the Act, at 40 P.S. § 1009.103. "Victim" is defined as an individual who suffers injury arising out of

1. Act of July 19, 1974, P.L. 489, No. 176; 40 P.S. § 1009.101 et seq.

the maintenance or use of a motor vehicle; "deceased victim" means a victim suffering death resulting from injury. The definitions of victim and deceased victim are contained in the same paragraph; clearly a deceased victim's injuries must also arise out of the use or maintenance of a motor vehicle.

Section 103 of the Act defines the term "maintenance or use of a motor vehicle" in pertinent part as "maintenance or use of a motor vehicle *as a vehicle* ..." (emphasis added). Key to our determination in the present case is whether the use of the motor home, which is a vehicle (see 75 Pa.C.S. § 102) was as a vehicle.

We will begin our inquiry as we did in *Dull v. Employers Mutual Casualty Company*, 278 Pa.Super. 569, 420 A.2d 688 (1980), with a discussion of the intent of the legislature. In *Dull*, we wrote,

> The purpose of the No-fault Act is "to establish at reasonable cost ... a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims ..." 40 P.S. § 1009.102(b). See *DuBose v. McCoy*, 277 Pa.Super. 149, 419 A.2d 705 (1980); *Hayes v. Erie Insurance Exchange*, 261 Pa.Super. 171, 395 A.2d 1370 (1978); *Singer v. Sheppard*, 33 Pa.Cmwlth. 276, 381 A.2d 1007 (1978). The Statutory Construction Act, 1 Pa.C.S.A. § 1901 et seq., which provides that "[w]ords and phrases shall be construed ... according to their common and approved usage," id. § 1903, also provides that statutes such as the No-fault Act "shall be liberally construed to effect their objects and to promote justice." Id. § 1928(c). However, "[w]hen the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Id. § 1921(b). In *Heffner v. Allstate Insurance Co.*, 265 Pa.Super. 181, 401 A.2d 1160 (1979), our Court stated: "Historically, the courts of this Commonwealth have ... found coverage for the insured in close or doubtful insurance cases. The tendency has been that if we should err in ascertaining the intent of the legislature ..., we should err in favor of

coverage for the insured." Id., 265 Pa.Super. at 187, 401 A.2d at 1162–63 (footnote omitted).

■ We find no appellate decision from Pennsylvania courts that deal with the question before us. However, we agree with the conclusion reached by the New York Supreme Court, Appellate Division, which was faced with an almost identical situation in *Reisinger v. Allstate Insurance Company*, 58 A.D.2d 1028, 397 N.Y.S.2d 53 (1977). In *Reisinger*, the plaintiff had sought to recover under the No-fault Act for injuries suffered when the gas cook stove in the insured "mini motor home" exploded during the preparation of breakfast. As in this case, the motor home was parked at the time of the accident. Rejecting the claim, the New York court explained:

The No-fault coverage required by the statute applies for use of the motor vehicle qua motor vehicle, not the use of equipment built into the vehicle to serve some other function." (citing inter alia, 12 *Couch on Insurance* 2d § 45:47) 58 A.D.2d at 1028, 397 N.Y.S.2d at 52, 53.

■ We would add that the construction of the statute urged upon us by appellant would require that we ignore the statute's mandate that the accident result from use of the vehicle *as a vehicle*. Yet, in construing the language of a statute, the court must assume that the legislature intended that every word of the statute would have effect. See *Commonwealth v. Driscoll*, 485 Pa. 99, 401 A.2d 312 (1979), *Lukus v. Westinghouse Electric Corporation*, 276 Pa.Super. 232, 419 A.2d 431 (1980). Furthermore, it is assumed that the legislature uses words in their standard, or accepted, sense. See *Commonwealth v. Ashford*, 263 Pa.Super. 100, 397 A.2d 420 (1979).

The word "vehicle" is not defined in the No-fault Act, but the definition found in the Motor Vehicle Code is adopted by reference. (See 40 P.S. § 1009.103). The Motor Vehicle Code defines vehicle as, "Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks." See 75 Pa.C.S. § 102.

■ The use of the refrigerator and stove in the preparation of a meal is not a use as a device of transportation. We do not find this a close or doubtful case. The plain meaning of the statutory terms calls for rejection of appellant's claim. The decedent was not a motor vehicle accident victim and therefore the purpose of the Act would not be effectuated by making No-fault payment to appellant. See *Dull v. Employers Mutual Casualty Company*, supra.

■ Appellant argues, however, that appellee should be barred from rejecting her claim because the company did not comply with the terms of 40 P.S. § 1009.106, Section 106(a)(5) of the No-fault Act. In fact, appellee admits that it did not give prompt written notice of the rejection of the claim. The company claims that its failure to do so was caused by its loss of the claimant's file. We are not concerned, however, with the merits of appellee's defense to its noncompliance. Excused or no, the statute in no way provides a justification for barring the rejection of claims for failure to comply with Section 106.

Appellant admits that the statute provides no such remedy but urges that we create it judicially. This we cannot do. As we explained in *Smith v. Harleysville Insurance Company*, 275 Pa.Super. 246, 418 A.2d 705 (1980), "A court should not rewrite a statute to provide penalties not deemed necessary by the legislature." Id., 275 Pa.Super. at 248, 418 A.2d at 706. In *Gurnick v. Government Employees Insurance Co.*, 278 Pa.Super. 437, 420 A.2d 620 (1980), we wrote in denying claimant's plea for punitive damages for failure to comply with Section 106,

> Under the Statutory Construction Act of 1972, 1 Pa.C.S. § 1501 et seq., "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." Id. at § 1921(b). The language of the No-fault Act is clear regarding what remedies are available to appellant. If the legislature intended to provide for punitive damages

in situations in which insurance companies willfully refuse to pay no-fault benefits, it easily could have so provided. Id., 278 Pa.Super. at 443, 420 A.2d at 623.

Similarly, if the legislature intended to provide for forfeiture of the right to reject a claim, it could have so provided.[2]

Order affirmed.

2. Of course, we do not condone appellee's disregard of the law. We are, however, without a basis for imposing the relief appellant seeks.