450 A.2d 101
**Carol SEXTON and Dianne Grooms**

v.

**James WILSON, Harleysville Insurance Company,**

**W. W. Associates and Regal Premium Finance Company.**

**Appeal of HARLEYSVILLE INSURANCE COMPANY.**

Superior Court of Pennsylvania.

Argued Sept. 11, 1980.
Filed Sept. 3, 1982.

Donald B. Scace, Jr., Philadelphia, for appellant.

Jack Litz, Philadelphia, for appellees.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

In this appeal the defendant, Harleysville Insurance Company, appeals from the order of the Court of Common Pleas of Philadelphia County dismissing the preliminary objections to a claim of punitive damages for failure to make timely payments in a No-Fault insurance claim.

This precise issue had been disposed of before this Court in prior decisions. See *Crusco v. Insurance Company of North America,* 292 Pa.Superior Ct. 293, 437 A.2d 52 (1981); *Brandon v. State Farm Insurance Company,* 284 Pa.Superior Ct. 399, 425 A.2d 1163 (1981); *Gurnick v. Government Employees Insurance Company,* 278 Pa.Superior Ct. 437, 420 A.2d 620 (1980); *Smith v. Harleysville Insurance Co.,* 275 Pa.Superior Ct. 246, 418 A.2d 705 (1980); *D'Ambrosio v. Penna. National Mutual Casualty Insurance Co.,* 262 Pa.Superior Ct. 331, 396 A.2d 780 (1978).

It is clear that the No-Fault Act makes no provision for an award of punitive damages against an insurer who is alleged to have withheld payment in a just claim. Instead the legislature provided for interest at the rate of 18% per annum for such delays "without reasonable foundation" and the claimant shall be entitled to be paid reasonable attorneys' fees. *40 P.S. 1009.107(3).* Such penalty provisions must be strictly construed. *Couch on Insurance 2d,* 58.10; 46 C.J.S. Insurance 715, § 1406–09.

The order dismissing the preliminary objections is reversed; and the preliminary objections to the trespass counts is sustained. The case is remanded to the court below for proceedings on the assumpsit action.