## Quinn v. By-Pass Garage, Inc.

*Dale G. Larrimore,* for plaintiff.
*James C. Haggerty,* for defendant By-Pass.
*David J. Otis,* for defendants Prudential & Casualty.
*James F. Zaccaria,* for defendant Coachman.

SEMERARO, *J.,* February 7, 1984—This case arose from an incident that occurred on the morning of March 18, 1981. Plaintiff and his family, returning from a vacation in Florida, had parked their recreational vehicle the previous night in a campground near Dillon, North Carolina. Plaintiff had been sleeping in a pull-down bunk above the driving area of the camper. In the morning, plaintiff allegedly fell while alighting from this bunk thereby injuring himself. Plaintiff filed a complaint on November 24, 1982 alleging, inter alia, that No-fault benefits were due him from defendant Prudential Insurance Company pursuant to the Pa. No-fault Motor Vehicle Insurance Act, 40 Pa. C.S. §1009.101 et seq. On November 29, 1983, defendant Prudential filed a motion for summary judgment which we granted on December 12, 1983. Plaintiff's appeal necessitates this opinion.

Summary judgment is proper where there is no genuine issue as to any material fact and where the

moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035(b). Thompson Coal Co. v. Pike Coal Co., 488 Pa. 198, 412 A.2d 466 (1979). There is no dispute this is a motor vehicle and that plaintiff was alighting from the bunk where he had slept. The issue is whether the accident described falls within the purview of the No-fault Act which provides at 40 Pa.C.S. § 1009.103:

" . . .'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle *as a vehicle* including, incident to its maintenance or use as a vehicle occupying, entering into, or alighting from it . . . ." (Emphasis added.) ·

The Vehicle Code at 75 Pa.C.S. § 102, provides:

" 'Vehicle.' Every device in, upon or by which any person or property is or may be transported or drawn upon a highway, except devices used exclusively upon rails or tracks."

A recreational vehicle is a vehicle for purposes of the No-fault Act. The question then is whether or not the injuries alleged by plaintiff arose out of the use of the vehicle as a vehicle. This question was addressed by the Superior Court in Crusco v. Insurance Co. of North America, 292 Pa. Super. 293, 437 A.2d 52 (1981). In Crusco, plaintiff's decedent was killed by an explosion in a parked motor home she was occupying. Gas had been leaking from the line to the refrigerator and the explosion occurred when the oven was lit during the preparation of dinner. In affirming a grant of summary judgment in favor of I.N.A., the court held that the mandate of the No-fault Act was that coverage applied only where an accident resulted from the use of a vehicle *as a vehicle*. Applying the definition of vehicle found in § 102 of the Motor Vehicle Code, supra, the court found that the use of a refrigerator and stove in the preparation of a meal was not a use as a device of trans-

portation. Therefore, the plain meaning of the language of the No-fault Act precluded recovery.

In the instant case plaintiff was using equipment (a bunk bed) built into the vehicle to serve a function other than transport and was actually using that equipment for that other function (sleeping) while the vehicle itself was being used other than as a device of transportation (lodging for the night). Clearly the accident was not caused by the use of the recreational vehicle as a vehicle as is required by the No-fault Act.

Plaintiff attempts to distinguish Crusco and cites Crawford v. Allstate Insurance Co., 305 Pa. Super. 167, 451 A.2d 474 (1982) in support of his proposition. We find plaintiff's reliance on Crawford inapposite. In Crawford, plaintiff was walking along railroad tracks and was struck from behind by a pickup truck which had been specially converted to run on rails. The lower court had sustained Allstate's preliminary objections in the nature of a demurrer. In reversing, the Superior Court found that the truck converted to run on rails was a vehicle within the definition of the Motor Vehicle Code and the No-fault Act. Here as in Crusco the issue is not the nature of the vehicle nor the fact that it was not on a highway. It is the use to which the vehicle was put and the relationship of that use to the resulting injuries.

In both Crusco and the instant case, the injuries were not causally related to the use of the vehicle as a device of transportation as in Crawford. The No-fault Act was not intended as a panacea for all injuries that can be traced to motor vehicles. Monaghan v. Pennsylvania Manufacturers' Association Insurance Co., 301 Pa. Super. 419, 447 A.2d 1037 (1982). The test in applying the "maintenance and use" concept as stated in Crusco and applied in

Crawford is consistent (Crawford p. 477). When applied to the instant case the grant of summary judgment is clear. The order of December 12, 1983 is affirmed.