493 A.2d 728

**Charles CERRATO, Appellant,**

v.

**HOLY REDEEMER HOSPITAL.**

Superior Court of Pennsylvania.

Argued March 12, 1985.

Filed May 24, 1985.

Francine D. Wilensky, Philadelphia, for appellant.

Charles W. Craven, Philadelphia, for appellee.

Before SPAETH, President Judge, JOHNSON and SHOYER *, JJ.

SPAETH, President Judge:

This is an appeal from an order granting summary judgment. Appellant argues that the trial court erred in finding his action in tort barred by the No-Fault Act, 40 Pa.S. § 1009.301(a).[1] We agree and accordingly reverse and remand for trial.

On July 30, 1981, at 8:15 a.m., appellant, a delivery man for a soft drink company, drove his truck into appellee's parking lot to make a delivery. He parked at appellee's loading dock, got out of the cab of the truck and went to the rear of the truck to unload it. To unload, he had to step up onto the truck. As he stepped down with some cases of soda in his hands, he put his right foot into a hole or crack, fell, and was hurt. R. at 1, ¶ 5–8. This action arises on appellant's complaint in trespass alleging that appellee's negligence caused his injury. *Id.* at ¶ 12. Appellee filed a Motion for Summary Judgment, arguing that appellant's recovery in tort is barred by the No-Fault Act, 40 P.S. § 1009.301(a), in that his injury occurred while he was

---

* Judge SHOYER, Senior Judge of the Court of Common Pleas of Philadelphia County, Pennsylvania, is sitting by designation.

1. Act of July 19, 1974, P.L. 489, No. 176, § 101 *et seq.*, 40 Pa.S. § 1009.101 *et seq.*

"alighting from ... his vehicle...." R. at 9, ¶ 5. The trial court accepted this argument and granted the motion.

Section 201(a) of the No-Fault Act, 40 Pa.S. § 1009.201(a), provides in part:

If the accident resulting in injury occurs in this Commonwealth, any victim or any survivor of a deceased victim is entitled to receive basic loss benefits in accordance with the provision of this act.

Section 301(a) of the Act, 40 Pa.S. § 1009.301(a), provides in part:

Tort liability is abolished with respect to any injury that takes place in this State in accordance with the provisions of this act if such injury arises out of the maintenance or use of a motor vehicle,....

The Act defines "victim" as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle[,]" and "maintenance or use of a motor vehicle" as:

... maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

. . . . .

(B) conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it.

40 Pa.S. § 1009.103.

The trial court held that as appellant had to step down from the rear of his truck to unload the cases of soda, he was "alighting from" a "motor vehicle" when he was injured, and that he was therefore a "victim" whose "injury [arose] out of the maintenance or use of a motor vehicle." Slip op. of tr. ct. at 2–3.

By this reasoning, a person unloading a motor vehicle would "alight[ ] from" it not once, but as many times as might be necessary to complete the task. We do not believe this construction of the No-Fault Act is warranted.

■■■■ We must construe a statute so as to give effect to all its provisions. *See* 1 Pa.C.S. § 1921(a). *See also Fireman's Fund Insurance Co. v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 497, 464 A.2d 431 (1983) (court interpreting statute must effectuate legislative purpose and if at all possible give effect to each provision of statute); *Crusco v. Insurance Company of North America*, 292 Pa.Super. 293, 437 A.2d 52 (1981) (in construing statute, court must assume legislature intended that every word would be given effect). Here, the language of the No-Fault Act manifests at least two legislative purposes. First, the Act defines the extent of an insured's coverage in terms of the period during which he is in physical contact with a motor vehicle, that is, his entrance into, occupation of, and exit from it. The legislature has thus mandated that insurance coverage extend to an act—the "maintenance or use of a motor vehicle"—that has a beginning, a middle, and an end. The legislature has also mandated, however, that insurance coverage *not* extend to a separate act, that of "loading or unloading a motor vehicle." In the present case, appellant admits that to accomplish the task of unloading his truck, he stepped down from its rear. R. at 1, ¶ 7. Accordingly, to give effect to all of the Act's provisions, we must recognize that here there were two distinct acts: the act of "alighting from" a motor vehicle, followed by the separate act of "unloading" the vehicle. We believe that when appellant was injured, he had completed the act of "alighting from" his delivery truck, for which the No-Fault Act provides coverage, and was engaged in the act of "unloading" it, for which the Act does not provide coverage.

This construction is consistent with the purpose of the No-Fault Act, which is "to establish at reasonable cost . . ., a Statewide system of prompt and adequate basic loss benefits for *motor vehicle accident victims. . . .*" 40 Pa.S. § 1009.102(b) (emphasis added). *See also Dull v. Employer's Mutual Casualty Company*, 278 Pa.Super. 569, 420 A.2d 688 (1980); *Hayes v. Erie Insurance Exchange*, 261 Pa.Super. 171, 395 A.2d 1370 (1978). The Act "was never

intended to be a general liability insurance which would cover all injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents." *Camacho v. Nationwide Insurance Co.*, 314 Pa.Super. 21, 23–24, 460 A.2d 353, 354 (1983) *aff'd* 504 Pa. 351, 473 A.2d 1017 (1984). *See also Monaghan v. Pennsylvania Manufacturer's Association Insurance Co.*, 301 Pa.Super. 419, 424, 447 A.2d 1037, 1040 (1982) (". . . No-Fault was not intended to be a panacea for all injuries that could be traced to a motor vehicle no matter how far removed from the actual operation of such vehicle.") To distinguish between those injuries that the legislature intended be compensated exclusively by No-Fault, and those that were to be left to other remedies, we have insisted that there be a causal connection between the injury and the "maintenance and use of a motor vehicle." *See Crawford v. Allstate Insurance Co.*, 305 Pa.Super. 167, 451 A.2d 474 (1982) (proper test in applying maintenance and use concept of No-Fault Act to individual fact situations is whether injury is causally related to use of a motor vehicle); *Schweitzer v. Aetna Life & Casualty Co.*, 306 Pa.Super. 300, 303, 452 A.2d 735, 737 (1982) (". . . while the causal connection need not rise to the level of proximate causation, for purposes of coverage under the No-Fault Act there must be some connection, more than mere chance or happenstance, between the injuries sustained and the insured vehicle.") Where, therefore, we have failed to find the requisite causal link, we have denied coverage. *See Camacho v. Nationwide Insurance Co., supra* (injury suffered when occupant of another vehicle threw explosive device into insured's vehicle not a "motor vehicle accident," but rather an intentional tort suffered while insured was occupying a vehicle); *Schweitzer v. Aetna Life & Casualty Co., supra* (injury suffered by occupant of motor vehicle who was pulled from vehicle and intentionally assaulted by third party did not "arise[ ] out of the maintenance or use of a motor vehicle"); *Crusco v. Insurance Company of North America, supra*, 292 Pa.Superior Ct. at 297, 437 A.2d at 53 (No-Fault coverage denied where injury suffered in acciden-

tal gas explosion in motor home parked on manufacturer's parking lot; to find coverage would be to "ignore the statute's mandate that the accident result from use of the vehicle *as a vehicle* ") (emphasis in original); *Dull v. Employer's Mutual Casualty Co.*, *supra* (injury suffered by insured motorist while standing behind automobile and unloading boat was caused by condition of land, not use of motor vehicle, and therefore insured was not "victim" under terms of No-Fault Act.) *See also Lewis v. Nationwide Insurance Company*, 541 F.Supp. 951, 956 (M.D.Pa.1982) (court interprets Pennsylvania law to require "fairly close causal connection between the injury sustained and the insured vehicle, since the Act was designed to compensate victims for vehicle-caused injuries[,]" and therefore denies coverage to insured who was shot in altercation over tailgating). *And see Uniform Motor Vehicle Accident Reparations Act*, § 1(a)(6), Comment (interpreting the exception for "loading and unloading" to be "consistent with the philosophy of this Act, to compensate losses resulting directly from motoring accidents and to leave to other forms of insurance and compensation systems those losses which are tangential to motoring.") Here, the requisite causal connection between appellant's injury and the "maintenance or use of a motor vehicle" is not present. Appellant was allegedly injured because the parking lot surface onto which he stepped while unloading his delivery truck was improperly maintained. The injury was therefore caused by the condition of the land. The use of a motor vehicle as a vehicle had ended prior to the injury, and any connection between the use and the accident causing the injury was purely incidental. *See Schweitzer v. Aetna Life & Casualty Co.*, *supra; Crusco v. Insurance Co. of North America*, *supra; Dull v. Employer's Mutual Casualty Co.*, *supra.*

■ We note that our conclusion that there was not coverage does not contravene the principle that we are to construe the Act liberally in favor of extending coverage to an insured. *See, e.g. Bills v. Nationwide Mutual Insurance Co.*, 317 Pa.Super. 188, 463 A.2d 1148 (1983); *Craw-*

*ford v. Allstate Insurance Co., supra.* Here, the party asking that we find coverage is not an insured seeking compensation for an injury, but rather a defendant in a tort action seeking to use the No-Fault Act to shield itself from tort liability.[2]

Order reversed and case remanded for trial.

Jurisdiction is relinquished.

**2.** Appellant also argues that the trial court erred in holding, impliedly, that the "No-Fault Motor Vehicle Act abolishes the tort liability of uninsured persons who are not motorists." Brief for Appellant at vi. Because we hold that on the facts before us the No-Fault Act does not bar appellant's tort remedies, we do not reach the question of whether, if the Act were otherwise applicable, it nevertheless would not bar appellant's tort remedy because the defendant hospital is an "uninsured person who [is] not [a] motorist[ ]."