547 A.2d 415

William SPARKES, Gary Francione, Cynthia Loeffel, Sidney Kine, John Doe, and Richard Roe

v.

Spencer WRIGHT, III, Alfred Bachman, J. Gordon McIlvaine, and Those Acting with them, Being the Officers of the Pennsylvania Society for the Prevention of Cruelty to Animals.

Appeal of Spencer WRIGHT, III and Erik Hendricks.

Superior Court of Pennsylvania.

Argued June 7, 1988.

Filed Sept. 9, 1988.

Stephen W. Miller, Philadelphia, for appellants.

Before McEWEN, OLSZEWSKI and CERCONE, JJ.

CERCONE, Judge:

This appeal is from an order of the Court of Common Pleas of Philadelphia County, granting appellees a permanent injunction. Appellants are the incumbent management

of the Society for the Prevention of Cruelty to Animals (the Society), a Pennsylvania nonprofit corporation. Appellees are part of a dissident faction of Society members.

This action commenced when appellees filed a complaint in equity and motion seeking to enjoin the holding of a special meeting of the Society. The meeting, which was to be held on December 4, 1987, had been called by the Board of the Society for the purpose of amending the Society's bylaws to permit voting by proxy. Notice of the special meeting was sent by mail to the members. A letter from the Society's president accompanied eighty percent (80%) of the notices, and urged the members to attend the special meeting or, if they could not attend, to sign and return an enclosed ballot as a vote in favor of the proposed bylaw amendment. Seven hundred forty-one (741) ballots were signed and returned, of which seven hundred twenty-seven (727) were in favor of the amendment.

A hearing on appellees' motion for injunction was held on December 4, 1987, four hours before the scheduled special meeting. Judge Diaz of the Philadelphia Court of Common Pleas ordered that the voting by ballot be stayed pending a hearing on the preliminary injunction.

The special meeting was then held on December 4, 1987 as scheduled. A quorum was present and the members present voted by division on the proposed amendment to the bylaws; in accordance with Judge Diaz' order, no ballots were counted. The results of the vote were thirty-four (34) members in favor of the proposed amendment, and eighteen (18) opposed.

Subsequent to the holding of the special meeting, on December 9 and 10, 1987, Judge DiBona of the Philadelphia common pleas court held a hearing on the appellees' motion for injunction. Appellees claimed that the ballots which were mailed to the Society members were in fact "proxies" and could not be counted. Also before Judge DiBona at this hearing was appellees' motion to hold the Society's officers in contempt of Judge Diaz' order of December 4,

1987, on the basis that his order had enjoined the special meeting from taking place.

On the latter motion, Judge DiBona informed the parties that Judge Diaz had not intended to preclude the holding of the special meeting, but only to stay the counting of the ballots submitted by mail. Appellees then filed a motion for clarification of Judge Diaz' order. On January 14, 1988, Judge Diaz denied appellees' order for clarification, and stated that the December 4, 1987 order clearly enjoined voting by ballot only and no other activity.

On December 30, 1987, Judge DiBona permanently enjoined appellants from counting or otherwise considering the ballots mailed in conjunction with the December 4, 1987 meeting, declared a nullity the outcome of the vote on the proposed by-laws amendment, and declared that any further actions taken by the Board of Directors of the Society regarding the amendment of the by-laws should be in accordance with the requirements of the Pennsylvania Corporation Not–for–Profit Code. 15 Pa.C.S.A. § 7101 *et seq.* Judge DiBona cited section 7759(a)[1] of the Code in support of his decision, holding that this statutory provision required that voting be in person. He concluded that appellants could amend the by-laws of the Society to permit proxy voting only by a properly noticed and convened special meeting of the members, and by obtaining a majority of the votes of the members present. Appellants filed a timely appeal of the December 30, 1987 order of Judge DiBona.

■ On appeal from an order granting permanent injunctive relief, the standard of review is whether the trial court,

1. Section 7759 provides in relevant part:
   (a) *General rule.*—Voting by members of a nonprofit corporation shall be only in person unless a bylaw adopted by the members provides for voting by proxy. The presence of a vote or other action at a meeting of members, or the expression of consent or dissent to corporate action in writing, by a proxy of a member pursuant to such a bylaw shall constitute the presence of, or vote or action by, or written consent or dissent of such member for the purposes of this article.
   15 Pa.C.S.A. § 7759(a).

in entering the final decree, abused its discretion or committed an error of law. *Neshaminy Constructors v. Philadelphia, Pennsylvania Bldg. and Construction Trades Council,* 303 Pa.Super. 420, 449 A.2d 1389 (1982). The test is not whether there are any reasonable grounds for the action of the court below, as is the case in the review of preliminary injunctive relief, but is rather an abuse of discretion standard. *Id.,* 303 Pa.Superior Ct. at 423, 449 A.2d at 1390.

We find no abuse of discretion or error of law in the trial court's disposition of this case. We therefore affirm the lower court's order.

Appellants have contended on appeal that mail balloting of the type utilized in connection with the special corporate meeting of December 4, 1987, is expressly permitted under the provisions of 15 Pa.C.S.A. § 7758(b).[2] We do not agree that section 7758(b) is the dispositive statutory provision. At issue in this case is whether the members of a not-for-profit corporation may cast their votes by mail ballot for or against a proposed amendment to the corporate bylaws to permit proxy voting. Thus stated, the issue is governed squarely by the provisions of section 7504 of the Corporation Not–for–Profit Code, 15 Pa.C.S.A. § 7504. That statute provides in relevant part:

§ 7504. *Adoption and contents of bylaws*

(a) *General rule.*—The members shall have the power to adopt, amend and repeal the bylaws of a nonprofit corporation, but except as provided in subsection (b) of this section the authority to adopt, amend and repeal bylaws

2. § 7758. *Voting rights of members*

(b) Procedures.—If a bylaw adopted by the members provides a fair and reasonable procedure for the nomination of candidates for any office, only candidates who have been duly nominated in accordance therewith shall be eligible for election. *The manner of voting may be by ballot, mail, or any reasonable means provided in a bylaw adopted by the members.* Unless otherwise provided in such a bylaw, in elections for directors, voting shall be by ballot, and the candidates receiving the highest number of votes from each class or group or classes, if any, entitled to elect directors separately up to the number of directors to be elected by such class or group of classes shall be elected.

15 Pa.C.S.A. § 7758(b) (emphasis added).

may be expressly vested by the bylaws in the board of directors or other body, subject to the power of the members to change such action. *Unless the bylaws otherwise provide, the powers hereby conferred shall be exercised by a majority vote of the members in office of the board of directors or other body, or by the vote of members entitled to cast at least a majority of the votes which all members present are entitled to cast thereon, as the case may be, at any regular or special meeting duly convened after notice to the members, directors or members of such other body of that purpose.*

(b) *Exception.*—Except as provided in section 7320(a) of this title (relating to organization meeting), the board of directors or other body shall not have the authority to adopt a bylaw on any subject which is committed exclusively to the members by any of the following provisions of this article:

. . . .

(13) Section 7759(a) (relating to voting and other action by proxy).

. . . .

15 Pa.C.S.A. § 7504 (emphasis added).

As the express words of the statute make clear, section 7504 unequivocally provides that the adoption or amendment of a bylaw on the subject of proxy voting must be accomplished by a vote of members entitled to cast at least a majority of the votes which all members *present* at a duly noticed regular or special meeting are entitled to cast. Thus, there appears to be a clear legislative intent to require in person voting on any issue relating to bylaws amendment.

Appellants assert that section 7709 of the Corporation Not–for–Profit Code, 15 Pa.C.S.A. § 7709 indicates a legislative intent to provide a similar equivalent presence by mail balloting. However, we note no provision in that statute for presence in person at a corporate meeting to be

accomplished by mail ballot of the type utilized in this case. Section 7709 specifically provides:

§ 7709. *Use of conference telephone and similar equipment*

One or more persons may participate in a meeting of the board, or of another body, or of the members by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other. Participation in a meeting pursuant to this section shall constitute presence in person at such meeting.

15 Pa.C.S.A. § 7709.

Clearly, the provisions of § 7709 contemplate a means of communication in which all persons involved in the meeting can "hear each other" in order to constitute presence in person. Undoubtedly, ballots submitted by mail do not provide this type of communication.

We do not accept appellant's argument that section 7758(b) of the Corporation Not-for-Profit Code is controlling. Section 7758, *supra* note 1, provides generally for the voting procedures to be utilized by a nonprofit corporation. As appellants have pointed out, section 7758 is entitled "Voting Rights of Members." The subparagraphs within section 7758 provide for voting procedures, 15 Pa.C.S.A. § 7758(b), cumulative voting, *id.* § 7758(c), sale of votes, *id.* § 7758(d), and voting lists, *id.* § 7758(e). Section 7758 also provides the general rule that "[u]nless otherwise provided in a bylaw adopted by the members every member of a nonprofit corporation shall be entitled to one vote." § 7758(a). The language upon which appellants rely—"[t]he manner of voting may be by ballot, mail, or any reasonable means provided in a bylaw adopted by the members"—is located within subparagraph (b) of section 7758.

Section 7504, on the other hand, is a more specific statute, outlining the procedures to be followed in the particular case of the adoption or amendment of a corporate bylaw. In construing a statute, the Superior Court must do

so in a way which will give effect to all its provisions. 1 Pa.C.S.A. § 1921(a); *Cerrato v. Holy Redeemer Hospital*, 342 Pa.Super. 551, 493 A.2d 728 (1985). In addition,

> [w]henever a general provision in a statute shall be in a conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provision shall prevail and shall be construed as an exception to the general provision....

1 Pa.C.S.A. § 1933.

■ It would appear to be the intent of the legislature, in the situation involving a bylaws amendment, to require that voting be accomplished in person and not by mail because of the importance to the corporate entity of a change in its bylaws or governing provisions. Thus, while mail balloting is authorized by statute in general, 15 Pa.C.S.A. § 7758(b), in the specific case of bylaws amendment or adoption, it is not permitted. 15 Pa.C.S.A. § 7504.[3]

Appellants' last argument is that the results of the voting at the December 4, 1987 special meeting are valid because the meeting was specifically not enjoined from taking place, it was properly noticed and convened, and it was properly conducted. Thus, appellants argue, the lower court had no grounds upon which to declare the special meeting a nullity. We disagree.

■ As we have indicated above, the voting results of the December 4, 1987 meeting are not valid because a vote on an amendment of the bylaws to provide for proxy voting must occur in person at a meeting of the members. *See id.* Balloting by mail is not sufficient. It follows, therefore, that the special meeting of December 4, 1987 was not, in fact, properly noticed and convened. Because of the distribution of mail ballots to the members, the impression was given that personal attendance at the December 4, 1987

---

3. Our conclusion here disposes of appellant's second argument that physical presence at the meeting was not required of those members who voted by mail on the proposed bylaws amendment.

meeting was not necessary in order to cast a vote on the bylaws amendment. Therefore, it is likely that many members did not attend who otherwise would have to vote on the proxy voting issue. We agree with the lower court that because of the misleading nature of the notice and the confusion generated by the distribution of the invalid mail ballots that the meeting of December 4, 1987 was properly declared a nullity. As the trial judge concluded, if the appellants wish to amend the bylaws to allow for proxy voting, they can do so only by properly convening a special meeting of the members and obtaining a majority of the votes of the members present in accordance with section 7504, *supra*.

Order AFFIRMED.