478 A.2d 891

Marcy L. SPISAK, Administratrix For the Estate of John Spisak, and Marcy L. Spisak, Monica L. Spisak and Jason J. Spisak, By Their Own Right,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

and

Marcy L. SPISAK, Administratrix For the Estate of John Spisak,

v.

NATIONWIDE MUTUAL INSURANCE COMPANY, Appellant.

Superior Court of Pennsylvania.

Submitted March 26, 1984.

Filed July 13, 1984.

Petition for Allowance of Appeal Denied Jan. 7, 1985.

484

Peter B. Skeel, Pittsburgh, for appellants.

J. Kerrington Lewis, Pittsburgh, for appellees.

Before SPAETH, President Judge, and BROSKY and MONTGOMERY, JJ.

MONTGOMERY, Judge:

In the instant cases, which were consolidated in the lower court, the Appellant, Nationwide Mutual Insurance Company, appeals from the lower court's order entering summary judgment for Plaintiff-Appellee, Marcy L. Spisak, Administratrix of the Estate of John Spisak. We perceive no error in the lower court's order.

The relevant facts are not in dispute. On January 13, 1980, the bodies of Plaintiff's decedent, John Spisak, and a female companion were found in the back seat of an automobile, which had its motor running. Both persons were partially disrobed, and appeared to have been involved in

what the Appellant describes as "compromising activities" at the time of death. Death occurred as a result of carbon monoxide poisoning from the exhaust fumes of the automobile. The Appellant subsequently denied the widow's application for no-fault benefits on the grounds that the loss was not, in the words of the applicable policy provision, "... as a result of an accident that arises out of the maintenance or use of a motor vehicle as a motor vehicle". Appellant maintains the same position on this appeal.

We first look to the Pennsylvania No-fault Motor Vehicle Insurance Act for reference. (Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 101 et seq., 40 P.S. § 1009.101 et seq.). Section 103 (40 P.S. § 1009.103) provides, in pertinent part:

> "Maintenance or use of a motor vehicle" means maintenance or use of a motor vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it.

*　　*　　*　　*　　*　　*

> "Victim" means an individual who suffers injury arising out of the maintenance or use of a motor vehicle; "deceased victim" means a victim suffering death resulting from injury.

The Appellant relies most strongly in this appeal upon the decision of our Court in *Crusco v. Insurance Company of North America*, 292 Pa.Super. 293, 437 A.2d 52 (1981), which construed the same statutory provisions and involved similar language in the applicable insurance contract, in holding that coverage was properly denied by the insurer.

We find the *Crusco* holding and other decisions cited by the Appellant to be inapposite here, because they involved situations in which coverage was denied because death or injury arose from some instrumentality external to or other than the vehicle itself. In *Crusco*, the plaintiff's decedent was killed when gas leaked from a line to a refrigerator in a parked motor home and an explosion occurred when the oven in the motor home was lit. This death by explosion from these kitchen appliances was found not to be related

to the use of the motor home as a vehicle. In *Rhoads v. Heberlig*, 30 Cumb.L.J. 85 (1980), the court held that No-fault benefits were not applicable in a situation in which the plaintiff received a gunshot wound while seated in a parked truck. In *Kaikis v. Satterfield*, No. G.D. 77–09199 (Allegheny County), No-fault coverage was held inapplicable to a situation in which the plaintiff was electrocuted when a power line apparently came into contact with a truck while the Plaintiff stood with one foot on the ground and the other on the truck's running board. In *Kraus v. Allstate Insurance Company*, 379 F.2d 443 (3rd Cir.1967), the decedent was killed by an explosion caused by the defendant's insured, who had rigged his car with a bomb in order to kill his wife. It was held that the death did not arise out of the use or maintenance of a motor vehicle as a vehicle. Coverage by No-fault benefits was also denied in *DiRende v. State Farm Mutual Insurance Co.*, 130 P.L.J. 106 (1981), where a bus passenger was stabbed with a pencil by another passenger.

It is clear that in all of the cases cited by the Appellant the harm arose from an instrumentality or external force other than the motor vehicle itself. In the instant case, however, the harm arose directly from the fumes resulting from the operation of the vehicle's engine while it was parked. If the engine had not been running, it is apparent that no such harm would have befallen the occupants, including the Appellee's decedent.

■ We cannot agree with the Appellant's contention that the love-making activities of the decedent and his companion, at the time they were overcome by carbon monoxide poisoning, requires a holding that the vehicle was not being used "as a vehicle" at the time. Coverage would certainly have applied had the decedent been killed in a collision while engaged as a passenger in similar activities while the vehicle was being driven on the highway. The deaths which occurred could have apparently arisen even if the two occupants were simply seated, but stopped in a prolonged traffic jam, or in very slow traffic, if the exhaust system

was in a condition which caused it to leak fumes into the car's passenger compartment when the motor ran but the car was not moving ahead at a driving pace. Appellant's position would virtually require us to hold that No-fault benefits are unavailable unless the vehicle is moving and involved in a collision which causes the harm. This we will not do.

■ This Court has held that in order for No-fault protections to be applicable, the injury or death must be *causally related* to the use of a motor vehicle. See *Crawford v. Allstate Insurance Company,* 305 Pa.Super. 167, 451 A.2d 474 (1982). We have no difficulty in reaching a conclusion of causal relationship in the instant case. In *Day v. State Farm Mutual Insurance Company,* 261 Pa.Super. 216, 396 A.2d 3 (1978), we noted that the real issue was the *instrumentality used to cause* the injury. In this case, it is clear that the automobile in which the decedent was an occupant was the instrumentality which caused the harm. Therefore, we find no error in the lower court's holding that the Appellant's coverage applied.

Affirmed.