482 A.2d 634

William QUINN, Appellant,

v.

BY–PASS GARAGE, INC. d/b/a By-Pass Trailer Sales and
Prudential Property & Casualty Insurance Company

v.

COACHMAN INDUSTRIES, INC.

Superior Court of Pennsylvania.

Argued June 6, 1984.

Filed Sept. 28, 1984.

Dale G. Larrimore, Philadelphia, for appellant.

David J. Otis, Media, for appellee.

Before SPAETH, President Judge, and TAMILIA and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that he is entitled to basic loss benefits under the Pennsylvania No-Fault Motor Vehicle Insurance Act (the No-Fault Act), 40 Pa.S.A. § 1009.101 *et seq.,* for injuries sustained when he fell while alighting from a pull-down bunk bed inside his motor home. We disagree and, accordingly, affirm the lower court's order granting summary judgment in favor of appellee.

The facts on the record are as follows: On or about March 10, 1981, appellant leased a Coachman Recreational Vehicle from By-Pass Garage, Inc., d/b/a By-Pass Trailer Sales. At that time, appellant was a named insured under appellee Prudential Property & Casualty Insurance Company's policy, which had been issued in accordance with the No-Fault Act. On the evening of March 17, 1981, appellant and his family were returning to Pennsylvania from a vacation in Florida when he parked their recreational vehicle for the night in a campground near Dillon, North Carolina. Appellant paid an overnight rental fee and was assigned a parking space. He hooked up their camper to the campground waste line for sewage disposal. For sleeping quarters, appellant pulled down the bunk bed above the driving area of the vehicle. His wife and children slept in

other bunk beds in the rear of the vehicle. The camper remained stationary throughout the night. The next morning, appellant allegedly fell while climbing out of the upper bunk bed, thereby injuring himself. Appellant filed a complaint on November 24, 1982, alleging, *inter alia*, that benefits were due him from appellee pursuant to his Prudential policy. On November 29, 1983, appellee filed a motion for summary judgment, which the lower court granted on December 12, 1983. This appeal followed.

■ Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Pa.R.Civ.P. 1035(b). It is to be granted only in the clearest of cases. *Thompson Coal Co. v. Pike Coal Co.*, 488 Pa. 198, 204, 412 A.2d 466, 469 (1979); *Pa. Public Utility Commission Bar Association v. Thornburgh*, 62 Pa. Commonwealth Ct. 88, 91–94, 434 A.2d 1327, 1329–30 (1981). In the instant case, the issue presented is whether the aforementioned accident is covered by the No-Fault Act.

■ Under Section 103 of the No-Fault Act, a covered "Victim" is defined as "an individual who suffers injury arising out of the maintenance or use of a motor vehicle". 40 Pa.S.A. § 1009.103. The term "Maintenance or use of a motor vehicle" means "maintenance or use of a motor vehicle *as a vehicle....*" *Id.* (emphasis added). Although the word "vehicle" is not defined in the No-Fault Act, the Act adopts by reference, *see id.* (definition of "Motor vehicle"), the definition found in the Pennsylvania Vehicle Code. Section 102 of the Vehicle Code defines "Vehicle" as "Every device in, upon or by which any person or property is or may be *transported* or drawn upon a highway, except devices used exclusively upon rails or tracks". 75 Pa.C.S.A. § 102 (emphasis added). Under this definition, the recrea-

tional motor home in the instant case qualifies as a motor vehicle. The crucial question, then, is whether this motor home was used "as a vehicle" within the meaning of § 102 of the No-Fault Act at the time of the accident.

■ We find *Crusco v. Insurance Company of North America,* 292 Pa.Superior Ct. 293, 437 A.2d 52 (1981), to be dispositive. In *Crusco,* the plaintiff's decedent was killed when an explosion occurred in the parked motor home she was occupying. Gas had leaked from the line to the refrigerator in the motor home and the explosion happened when the oven was lit during the preparation of dinner. The plaintiff brought suit to recover benefits under a policy issued pursuant to the No-Fault Act and the lower court granted summary judgment to the defendant insurance company. On appeal, this Court affirmed, holding that the decedent was not the victim of a motor vehicle accident under the No-Fault Act. We reasoned that "[t]he use of the refrigerator and stove in the preparation of a meal is not a use as a device of transportation." *Id.,* 292 Pa.Superior Ct. at 298, 437 A.2d at 54. We stated that the No-Fault Act "mandate[s] that the accident result from the use of the vehicle *as a vehicle." Id.,* 292 Pa.Superior Ct. at 297, 437 A.2d at 53 (emphasis in original). *See also Camacho v. Nationwide Insurance Company,* 314 Pa.Superior Ct. 21, 460 A.2d 353 (1983) (no-fault benefits denied for injuries sustained when occupant of another vehicle threw explosive device into insured's vehicle; incident resulted from intentional tort only incidentally involving a motor vehicle); *Howe v. Harleysville Insurance Company,* 313 Pa.Superior Ct. 65, 459 A.2d 412 (1983) (no-fault coverage denied when hunter, who mistakenly believed motor vehicle was deer, shot at vehicle and injured vehicle passenger; connection between injury and insured vehicle was nothing more than mere chance or happenstance).

In the instant case, it is clear from the facts that appellant was using the motor home as an overnight lodging at

the time of the accident rather than as a device for transportation. Like the refrigerator and stove in *Crusco, supra,* the bunk bed had been built into the camper to serve a function other than transportation, namely, as sleeping accommodations, and was actually being used for that purpose at the time of the incident. Therefore, the motor home was not being used as a vehicle and appellant cannot be considered a motor vehicle accident victim within the intended meaning of the No-Fault Act.[1] "[The No-Fault Act] was not intended to be a panacea for all injuries that could be traced to a motor vehicle no matter how far removed from the actual operation of such vehicle." *Monaghan v. Pennsylvania Manufacturers Association Insurance Company,* 301 Pa.Superior Ct. 419, 424, 447 A.2d 1037, 1040 (1982) (footnote omitted).

Accordingly, we affirm the December 12, 1983, order granting summary judgment in favor of appellee.[2]

Affirmed.

1. *Crawford v. Allstate Insurance Company,* 305 Pa.Superior Ct. 167, 451 A.2d 474 (1982), cited by appellant, is distinguishable. In *Crawford,* the plaintiff was walking along railroad tracks when he was struck from behind by a pickup truck which had been specially converted to run on rails. We held that such a truck was a vehicle within the definition of the Vehicle Code and the No-Fault Act. The issue in *Crawford,* therefore, involved the nature and the location of the vehicle at the time of the accident. In the instant case, however, the issue involves the use to which the vehicle was put and the connection between that use and the resulting injury. In this way, the instant case is legally indistinguishable from *Crusco v. Insurance Company of North America,* 292 Pa.Superior Ct. 293, 437 A.2d 52 (1981).

2. Alternatively, appellant alleges that he is entitled to recover benefits under the terms of his Prudential insurance policy. We disagree. Contrary to appellant's assertion, we find that exclusion (k), titled "Parked Camper Vehicles, Etc.", was applicable at the time of his injury. This exclusion, for "any person while maintaining or using a motor vehicle while located for use as a residence or premises[,]" was clearly intended to apply to the situation in the instant case.