541 A.2d 391

**Della SHULTZ, Appellant,**

**v.**

**NATIONWIDE INSURANCE COMPANY and State Farm Insurance Company, Appellees.**

Superior Court of Pennsylvania.

Submitted Jan. 26, 1988.

Filed May 9, 1988.

David J. Flower, Assistant District Attorney, Somerset, for appellant.

R. Thomas Strayer, Johnstown, for Nationwide, appellee.

Margaret A. O'Malley, Johnstown, for State Farm, appellee.

Before BROSKY, WIEAND and DEL SOLE, JJ.

WIEAND, Judge:

On January 17, 1985, a vehicle owned and operated by Della Shultz ran out of gas and was stopped in the southbound lane of Route 117 in Fayette County. Robert Geary, a passing motorist, observed Shultz's predicament, stopped his vehicle, and parked it, facing north, behind Shultz's vehicle in order to provide assistance. After gasoline had been obtained and while it was being poured into the tank of the Shultz vehicle, a vehicle operated by Mary Speelman struck the front of the Geary vehicle, pushing it backward into Della Shultz and pinning her between the rear of her vehicle and the rear of the Geary vehicle. As a result, Shultz was seriously injured.

On the date of the accident, the Pennsylvania No–fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.101 et seq., had been repealed and replaced, effective October 1, 1984, by the Motor Vehicle Financial Responsibility Law of February 12, 1984, P.L. 26, No. 11, § 8(a).[1] The Motor Vehicle Financial Responsibility

---

1. See 75 Pa.C.S. § 1701 et seq.

Law, however, only "applie[d] to insurance policies issued or renewed on or after the effective date of [the] act." Section 9 of the Act of February 12, 1984, P.L. 26, No. 11.[2]

The Shultz vehicle was uninsured. The vehicle operated by Mary Speelman was insured by State Farm Insurance Company (State Farm) pursuant to a policy of insurance which had been issued under the Motor Vehicle Financial Responsibility Law of 1984. The vehicle owned by Robert Geary was insured by Nationwide Insurance Company (Nationwide) pursuant to a policy of insurance which had been issued under the No–fault law of 1974. It had not been renewed or reissued following repeal of the No–fault law and prior to the accident.

Shultz commenced an action for declaratory judgment against Nationwide seeking to determine Nationwide's liability for medical expenses and work loss benefits under the No–fault Act. Nationwide caused State Farm to be joined as an additional defendant. Subsequently, both insurance companies filed motions for summary judgment. State Farm's motion was granted because Shultz's claim against it was barred by the Motor Vehicle Financial Responsibility Law which, at 75 Pa.C.S. § 1714, provides as follows:

> An owner of a currently registered motor vehicle who does not have financial responsibility ... cannot recover first party benefits.

Nationwide's motion for summary judgment was also granted. On appeal, Shultz does not challenge the trial court's entry of summary judgment in favor of State Farm. She argues only that the summary judgment in favor of Nationwide was error.

In reviewing the summary judgment entered in favor of Nationwide, we need not determine whether an uninsured motorist who, following enactment of the Motor Vehicle Financial Responsibility Law, is involved in an accident with a vehicle insured under a policy of insurance still containing no-fault provisions is barred from recovering basic loss benefits from the insured vehicle's insurance carrier by the

2. See Comment to 75 Pa.C.S. § 1701.

provisions of the Motor Vehicle Financial Responsibility Law. Even if we determined that a claim by an uninsured motorist was not barred, appellant nonetheless would not be entitled to recover medical expenses and work loss benefits against Nationwide in this case. Section 204(a) of the No-fault Act provided as follows:

(a) ... The security for the payment of basic loss benefits applicable to an injury to:

(1) an employee, or to the spouse or other relative of any employee residing in the same household as the employee, if the accident resulting in injury occurs while the victim or deceased victim is driving or occupying a motor vehicle furnished by such employee's employer, is the security for the payment of basic loss benefits covering such motor vehicle or, if none, any other security applicable to such victim;

(2) an insured is the security under which the victim or deceased victim is insured;

(3) the driver or other occupant of a motor vehicle involved in an accident resulting in injury who is not an insured is the security covering such vehicle;

(4) an individual who is not an insured or the driver or other occupant of a motor vehicle involved in an accident resulting in injury is the security covering any motor vehicle involved in such accident. For purposes of this paragraph, a parked and unoccupied motor vehicle is not a motor vehicle involved in an accident, unless it was parked so as to cause unreasonable risk of injury; and

(5) any other individual is the applicable assigned claims plan.

This section "in effect create[d] a hierarchy among potential sources of security" which were responsible for payment of basic loss benefits. "[T]he pertinence of each subsection must be considered seriatim—that is, the applicability of each preceding subsection must be excluded before the next may be considered." *Tyler v. Insurance Company of*

*North America,* 311 Pa.Super. 25, 29–30, 457 A.2d 95, 97 (1983).

In the instant case, subsections (1) and (2) were clearly inapplicable. Appellant was not an employee and was not an insured under any policy of insurance at the time of the accident. Before proceeding further, it must be determined whether appellant was either the driver or occupant of her vehicle or a pedestrian or bystander at the time of the accident. If she were the driver or occupant of her vehicle, subsection (3) would require that she look to the security covering her vehicle and subsection (4) would have no application. Only if she were not an occupant of her vehicle, i.e., a pedestrian or bystander, could the security for the Geary vehicle become applicable and possibly require that Nationwide pay no-fault benefits. See: *Hayes v. Erie Insurance Exchange,* 261 Pa.Super. 171, 395 A.2d 1370 (1978).

In *Utica Mutual Ins. Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984), the Supreme Court, in defining the term "occupying" found in an insurance policy, held that a person will be deemed an occupant of a motor vehicle if the following criteria are satisfied:

(1) there is a causal relation or connection between the injury and the use of the insured vehicle;

(2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it;

(3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and

(4) the person must also be engaged in a transaction essential to the use of the vehicle at the time.

*Id.,* 504 Pa. at 336, 473 A.2d at 1009. Appellant, although conceding that elements (1), (2), and (4) were present, argues that she was not vehicle oriented but highway oriented at the time of the accident. We disagree. Appellant was engaged in refueling her vehicle by pouring gasoline into the tank. Because she was engaged in a transaction essential to its use, it is beyond serious dispute that she was

vehicle oriented. A similar result was reached by Gafni, J. in *Porter v. CNA Ins. Co.*, 14 Phila. 276 (1986). Any other conclusion would be wholly unrealistic.

Appellant also argues that because subsection (3) of Section 204(a) of the No–fault Act can have no application, her vehicle having been uninsured, subsection (4) must be applicable and requires that Nationwide pay basic loss benefits. A similar argument was made and rejected in *Schimmelbusch v. Royal–Globe Ins. Co.*, 247 Pa.Super. 28, 371 A.2d 1021 (1977). The Court said, "subparagraph (4) should be interpreted as written, and to apply to an uninsured claimant who was not an occupant of a car; namely, a pedestrian or bystander." *Id.*, 247 Pa.Superior Ct. at 34, 371 A.2d at 1024.

Appellant in the instant case was not a pedestrian or bystander, but the driver and occupant of an uninsured vehicle which had been involved in an accident. As such, she was not entitled to recover from Nationwide Insurance Company. Therefore, the trial court properly entered judgment in favor of Nationwide Insurance Company.

Judgment affirmed.