## Keiper v. Mack Truck

Ronald J. Mishkin, for plaintiff.
P. Daniel Altland, for intervenor.

McGINLEY, J., October 12, 1988 — The matter before the court is the petition of Roadway Express Inc., the employer of plaintiff, to intervene in the within matter. The issue presented is whether the operation of an air conditioning unit in a motor vehicle is the "use" of a motor vehicle such that the Motor Vehicle Responsibility Act (75 Pa.C.S. §1720 et seq.) bars the intervention of the employer to protect his workmen's compensation subrogation. For the reasons subsequently expressed, we deny said petition.

Plaintiff alleges that on or about October 23, 1985, while in the employ of Roadway Express Inc. as a truck driver, he suffered an injury. Plaintiff alleges on that date he was operating a truck manufactured by defendant Mack Truck Inc. and equipped with an air conditioner manufactured by

defendant Red Dot Corp. Plaintiff contends that, upon turning on the air conditioner while driving the vehicle, caustic materials which had accumulated in the ducts or vents of the air conditioner were sprayed into his right eye and face, causing serious injury.

Plaintiff pleads that defendants Mack Truck Inc. and Red Dot Corp. are liable for his injuries under a theory of strict liability for defective design, manufacture and installation of the air conditioner.

Petitioner, Roadway Express Inc., as plaintiff's employer, has made workmen's compensation payments for the injuries sustained because of this incident. Petitioner seeks to intervene in this action in order to protect its right of subrogation under the Pennsylvania Workmen's Compensation Act, 77 Pa. C.S. §671. Plaintiff contends that the Motor Vehicle Financial Responsibility Law (75 Pa.C.S. §1720, effective October 1, 1984) bars subrogation by the interested party.

Whether to allow intervention is 'a matter within the discretion of the trial court. *M. London Inc. v. Fedders Corp.*, 306 Pa. Super. 103, 452 A.2d 236 (1982). Intervention is governed by Pa. R.C.P. 2326 et seq. (42 Pa.C.S.). Pa. R.C.P. 2327 defines who may intervene. In particular, subsection (d) of that rule provides:

"At any time during the pendency of an action, a person not a party thereto shall be permitted to intervene therein, subject to this rule:

. . .

"(4) The determination of such action may affect any legally enforceable interest of such person whether or not he may be bound by a judgment in the action."

Petitioner claims a legally enforceable interest according to general workmen's compensation rules.

(Cf. 77 Pa.C.S. §671). Where negligent conduct of a third party occurs while an employee is actually engaged in the business of his employer, the employer has a clear right to subrogation under workmen's compensation laws. *Dale Manufacturing Co. v. Workmen's Compensation Appeal Board,* 34 Pa. Commw. 31, 382 A.2d 1256 (1978). To be entitled to subrogation, the employer need only show that it was compelled to make payments to an employee by reason of the negligence of a third party. *Whirley Industries Inc. v. Segel,* 316 Pa. Super. 75, 462 A.2d 800 (1983).

The Pennsylvania Motor Vehicle Financial Responsibility Law (Title 75, Purdons) provides:

"§1720. Subrogation—

"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits), 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits in lieu thereof paid or payable under section 1719 (relating to coordination of benefits.)"

Petitioner argues that the injury here caused by debris blown from the truck air conditioner does not arise out of the maintenance or use of a motor vehicle as that term is intended to be understood under 75 Pa.C.S. §1720. It contends, therefore, that the section does not apply to this case.

The term "maintenance and use" as it appears in the Motor Vehicle Financial Responsibility Law has not been defined by appellate courts. The term had been defined under the now-repealed predecessor no-fault law (40 Pa.C.S. §1009.101 et seq.), as follows:

"Maintenance or use of a motor vehicle as a vehicle, including, incident to its maintenance or use as a vehicle, occupying, entering into, or alighting from it. Maintenance or use of a motor vehicle does not include:

"(A) conduct within the course of a business of repairing, servicing, or otherwise maintaining motor vehicles when the conduct occurs off the business premises; or

"(B) conduct · in the course of loading or unloading a motor vehicle unless the conduct occurs while occupying, entering into, or alighting from it." 40 Pa.C.S. § 1009.103 (repealed).

In *Spisak v. Nationwide Mutual Insurance Company*, 329 Pa. Super. 483, 478 A.2d 891 (1984), inhalation of carbon monoxide by occupants of a parked vehicle while engaged in "compromising activities" which resulted in their death was held to be injuries that arose out of the maintenance or use of a motor vehicle for purposes of the above-cited No-fault Act. The key element pointed out by the Superior Court was that the automobile was the instrumentality which caused the harm. 329 Pa. Super. at 487, 478 A.2d at 899.

In comparing the facts of *Spisak* with the facts of other cases where the claimed no-fault coverage was denied because the source of the injury was not use or maintenance of the vehicle, it is clear that the injury before us arose out of the maintenance or use of a vehicle. In *Howe v. Harleysville Insurance Co.*, 313 Pa. Super. 65, 459 A.2d 412 (1983), the occupant of a motor vehicle who suffered a gunshot wound while a passenger was denied benefits, and in *Alvarino v. Allstate Insurance Co.*, 370 Pa. Su-

per. 563, 537 A.2d 18 (1988),* a dog bite inflicted on the passenger was not maintenance or use of a motor vehicle. In *Alvarino,* the Superior Court held an injury arises from the maintenance or use of a motor vehicle if the injury is causally connected with, not proximately caused by, the use of the vehicle. 370 Pa. at 567, 537 A.2d at 20.

The injury here is causally connected with the use of the vehicle. If the engine of the truck were not on, the air conditioner would not work. If the air conditioner unit were attached to the truck and plaintiff attempted to turn it on, an injury would not have occurred because it lacked its power source, i.e. the truck. The injury, therefore, resulted from the maintenance or use of the vehicle as that term contained in 75 Pa.C.S. §1720 is understood.

Petitioner also argues that the Motor Vehicle Financial Responsibility Law should not be construed as barring subrogation by employers who have made workmen's compensation payments because such a construction would: (1) conflict with legislative intent; (2) violate the state and federal constitutions. The arguments of the petitioner have been conclusively rejected by a recent decision of the Commonwealth Court. In *Walters v. Kamppi,* 118 Pa. Commw. 487, 545 A.2d 975 (1988), the court concluded that the language of the statute was so clear that it could only be construed in one way, as denying subrogation rights by employers. *Walters* at 493-4, 545 A.2d at 977. The court also determined that the statute so construed does not violate the state or federal constitutions. *Id.* at 496, 545 A.2d at 978.

---

* Cf. *Alvarino, supra* for a more exhaustive list of factual scenarios which do not arise from maintenance or use of a motor vehicle.

For the foregoing reasons, we determine that the petitioner has no legally enforceable interest in this action, and, therefore, deny the petition to intervene.

## ORDER

Now, October 12, 1988, after consideration of the briefs of the parties and for the reasons expressed in the subsequent opinion, it is ordered that the petition of Roadway Express Inc. to intervene is hereby denied and dismissed.