572 A.2d 769

Francis McKELVEY, Appellant,

v.

PRUDENTIAL PROPERTY & CASUALTY
INSURANCE COMPANY.

Superior Court of Pennsylvania.

Argued Jan. 10, 1990.

Filed April 4, 1990.

Francis X. Melvin, Philadelphia, for appellant.

Bayard H. Graf, Philadelphia, for appellee.

Before DEL SOLE, MONTEMURO and TAMILIA, JJ.

TAMILIA, Judge:

This is an appeal from an Order granting summary judgment to appellee insurance company.

In the early morning hours of January 24, 1988, while appellant was sleeping at his vacation residence in the Poconos with his wife and two children, a loud noise awoke

the family and the house shook. Appellant ran out of his bedroom to check on his children who were screaming, and as he did, he glanced off the bedroom door frame, injuring his shoulder. He discovered the crash was caused by a motor vehicle which had veered off the roadway into the deck of his house, separating the deck from the house.

Appellant filed suit against appellee, his automobile insurer, for first-party benefits for his injury, claiming the injury arose out of the maintenance or use of a motor vehicle. Appellee claims the injury was caused by appellant's own negligence in running into the door frame. The trial court granted appellee's motion for summary judgment, finding the instrumentality causing appellant's injury was the bedroom door frame and not a motor vehicle.

> Summary judgment should not be entered unless the case is free from doubt. Since the moving party has the burden of proving that no genuine issues exist as to the material facts, the record must be examined in a light most favorable to the non-moving party; in doing so all well-pleaded facts in the non-moving party's pleadings are accepted as true and that party is given the benefit of all reasonable inferences to be drawn therefrom. Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law.

*Hower v. Whitmak Associates*, 371 Pa.Super. 443, 445, 538 A.2d 524, 525 (1988) (citations omitted).

■ Appellant argues the court erred in granting summary judgment to appellee because the main issue is whether appellant's injury arose out of the maintenance or use of a motor vehicle which is a question of fact as much as law and is for the factfinder. We disagree, finding there was no *genuine* issue of material fact and appellee was entitled to judgment as a matter of law.

Appellee Prudential issued the automobile insurance policy under the Pennsylvania Motor Vehicle Financial Respon-

sibility Law ("MVFRL") which requires insurers to provide medical benefits in the event of injuries "arising out of the maintenance or use of a motor vehicle." 75 Pa.C.S. §§ 1711, 1712. Appellant claims his injury arose out of the use of a motor vehicle because "but for" a car crashing into his home, he would not have jumped out of bed and run out of his bedroom, hitting his shoulder on the door frame. We cannot accept this argument. While we did use the less restrictive "but for" standard of causation in *Varner v. Nationwide Mutual Insurance Company*, 340 Pa.Super. 211, 489 A.2d 918 (1985),[1] we did not ignore the extent of the relationship between the motor vehicle accident and the injuries sustained.

In *Varner*, the plaintiff suffered a fractured skull and fractured left shoulder after being in an automobile accident. While in the hospital for his injuries, plaintiff suffered complications due to medical maltreatment and he sought coverage for his additional loss from his no-fault carrier. The carrier argued the additional injuries did not arise out of the use of the motor vehicle but from medical maltreatment. We disagreed that the injuries did not arise out of the use of a motor vehicle since the medical maltreatment occurred during treatment of injuries directly and immediately received in the accident. We found it was probable that an individual would be hospitalized from a motor vehicle accident; therefore, there was a connection between the vehicle and injury and it was not mere chance or happenstance.

Causation was discussed in *Roach v. Port Authority of Allegheny County*, 380 Pa.Super. 28, 550 A.2d 1346 (1988). In denying the claim of Mrs. Roach, who was injured while riding a PAT bus when a fist-fight broke out between two passengers, we stated:

The fact that Mrs. Roach was on a bus was incidental to her injuries. Her injuries were caused by two men fighting, not the maintenance or use of a motor vehicle. The

---

1. Varner's cause of action was brought under the now repealed Pennsylvania No-fault Motor Vehicle Insurance Act.

causal connection need not rise to the level of proximate causation; however, some connection must exist between the motor vehicle and the victim's injuries. This connection must be more than mere happenstance. We, therefore, fail to find the requisite causal link between the injury and the use of a motor vehicle; hence, we find no requirement of coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law.

*Id.*, 380 Pa.Superior Ct. at 35, 550 A.2d at 1350 (citation omitted). Similarly, in *Alvarino v. Allstate Ins. Co.*, 370 Pa.Super. 563, 537 A.2d 18 (1988), relied on by the trial court, an injury resulting from a dog biting a passenger on a van did not rise from the use of the van and, therefore, was not covered by the policy coverage of the van pursuant to the MVFRL, 75 Pa.C.S. §§ 1711, 1712; 40 P.S. 1009.101–1009.701 (Repealed).

Appellant in this case acted in response to a crash but it was his own conduct which caused his injury rather than any contact by or with the vehicle or the use or maintenance of the vehicle. In cases with a much stronger connection between the vehicle and the injury, we have denied relief sought by appellants. In *Metzel, et al. v. State Farm Mutual Ins. Co.*, 389 Pa.Super. 30, 566 A.2d 600 (1989), this Court found that occupants of a Winnebego motor home were not entitled to benefits under the MVFRL for injuries sustained as a result of an explosion which occurred while the vehicle was being used for lodging purposes. The outer limit of assessing liability as it relates to use of an automobile while not actually engaged in its primary purpose, is *Spisak v. Nationwide Mutual Ins. Co.*, 329 Pa.Super. 483, 478 A.2d 891 (1984). In *Spisak*, plaintiff's decedent was killed when he and a female companion engaged in "compromising activities" in the back of his vehicle which had been parked off the road with the engine running, the occupants being overcome by carbon monoxide poisoning due to a faulty exhaust system. That situation and *Metzel* may be distinguished in that in *Metzel*, the injury was produced by an instrumentality (a defective propane tank

valve) which was not an inherent part necessary to the use or maintenance of a vehicle, whereas in *Spisak,* the exhaust system of a motor vehicle, even when parked, is inherently related to the use or maintenance of a vehicle with its motor running. As announced in *Schweitzer v. Aetna Life and Cas. Co.,* 306 Pa.Super. 300, 303, 452 A.2d 735, 737 (1982), "[w]hile the casual connection need not rise to the level of proximate causation, for purpose of coverage under the No Fault Act, there must be some connections, more than mere chance or happenstance between the injuries sustained and the insured vehicle." In *Quinn v. By–Pass Garage Inc.,* 333 Pa.Super. 412, 482 A.2d 634 (1984), we held that injuries sustained by the insured when he fell from the upper-bunk of his motor home while parked overnight did not arise from use or maintenance of the motor vehicle.

■ Reaction to a crash when the party was outside of the zone of danger may be actionable for emotional distress if the party viewed an accident which terminated the life of the party's child, as it is a reasonably foreseeable injury. *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979). Where a party *out of the zone of danger, unaware at the time of injury* of the cause of the noise, becomes injured rushing to investigate the safety of his children, the use or operation of the vehicle is too remote to be assigned as the cause of injury. The shoulder injury was a mere accident and happenstance emanating from the appellant's behavior and was not a foreseeable consequence of the vehicle's collision with the deck. As such, it cannot be construed to be a result of the use or maintenance of an automobile as contemplated by the MVFRL, whether it be considered from the perspective of proximate cause or a lesser degree of causation contemplated by the act. Had the injury resulted from a fall or trip over the damaged deck in going to the scene of the accident, it is at least arguable that the injury was a result of the use or maintenance of the automobile. Here, it is not. The test is that although the insurance contract does not require the injury to be the proximate result, in the strict legal sense of the term, it does not extend to some-

thing distinctly remote, although within the line of causation. The claim of responsibility has to be deemed to possess the requisite articulation with the use or operation of the vehicle until broken by the intervention of some event which has no direct or substantial relation to the use or operation. Placed in that perspective, it logically follows that while the injury was traceable to the crash of the vehicle in the line of causation, it was not reasonably foreseeable as a consequence of the crash and it required the presence of too many extraneous and remote contingencies to account for the injury *aside* from the use and or maintenance of the vehicle. Awakening in the middle of the night and rushing to determine the well being of children in the house and accidently colliding with a door frame, although precipitated by the sound of the crash, cannot reasonably be related to the use and maintenance of an automobile.

*Fox v. State Automobile Mutual Insurance Company,* 314 Pa.Super. 559, 461 A.2d 299 (1983), as cited by the dissent, is factually distinguishable from the case at bar. In *Fox,* the plaintiff, in response to a loud crashing noise, rushed from her bed to check on her children, much like appellant in this situation. The difference, however, is that Fox was injured when *she tripped over debris thrown from the accident,* therefore, causing our Court to find her injury arose out of the use of a motor vehicle. In this situation, appellant was not injured due to the crash. He was injured because, in his haste to investigate a loud noise, he was negligent and ran into the bedroom door frame. A physical nexus between the crash and the injury was established in *Fox.* Here, there was none. It is reasonable to foresee that a physical change in the environment of the home, caused by a crash, could lead to an injury and, therefore, would be actionable if there was a logical relationship between the injury and the crash. Any loud noise in the middle of the night would result in prompt investigation as to the well being of children in the home. Unless certain as to the precipitating cause, such an investigation is more

likely to be cautious and tentative rather than haphazard. No practical test of causation would lead to a cause of action against a party creating a noise, when the injured party suffered by his own action. *Fox* is clearly inapposite.

Thus, from the common sense, practical approach applied in the numerous cases analyzed and decided on the "use and maintenance of a vehicle", it appears clear the facts of this case require a finding that the injuries sustained were not due to the use or maintenance of a vehicle within the meaning of the MVFRL. We find appellant's injury resulted from hitting the door frame with his body and the fact that it was a motor vehicle which hit his deck was incidental to the injury sustained. It was mere happenstance that appellant ran into the door frame and injured his shoulder; the injury did not arise from the maintenance or use of a motor vehicle but from appellant's own action of running from his bedroom without exercising due care. Because we find there was no *genuine* issue of material fact to be decided, the court properly entered summary judgment and we, therefore, affirm the Order of the trial court.

Order affirmed.

DEL SOLE, J., filed a dissenting statement.

DEL SOLE, Judge, dissenting.

In my view this matter is controlled by this court's decision in *Fox v. State Automobile Mutual Insurance Company*, 314 Pa.Super. 559, 461 A.2d 299 (1983). In that case the facts as set forth by our court are as follows:

... Mrs. Phyllis Fox was in bed in a second floor bedroom at her residence in Red Hill, Pennsylvania. Mrs. Fox' sixteen-year-old daughter and two of her daughter's girlfriends were asleep in the ground floor living room. At about that time, a motor vehicle driven by James A. King, Jr. crashed into the side of the home and came to rest in the livingroom. Upon hearing the crash, which sounded to her like an explosion, Mrs. Fox, fearing for her children's safety, immediately rose from the bed, started

down the steps to the living room, tripped over debris which had been thrown on the steps by the crash, fell and was injured.

Under that factual situation our court concluded "We hold that the injury in this case arose out of the use of a motor vehicle and, therefore, Mrs. Fox was entitled to no-fault benefits." 314 Pa.Super. at 565, 461 A.2d 299.

I see no functional difference between the factual situation in *Fox* and the factual situation in this case. Further, the Majority's reference to *Fox* causes me to conclude that there is no distinction between the two and that *Fox* is not clearly inopposite as the Majority suggests. In *Fox* as in this case, the accidents in both cases caused the claimants to leave the safety of their bed and proceed to investigate the noise caused by the accident. It was this factor which began the movement of these people and caused their injury. Any attempt to distinguish the case is, in my judgment, straining. Therefore, I would reverse the trial court's grant of summary judgment in favor of the insurer.