## LaBar v. Erie Insurance Exchange

*Jill Miller,* for plaintiff.
*Edward Neyhart,* for defendant.

WALSH, *P.J.,* December 6, 1990 — We have before us plaintiff's motion for partial summary

judgment and defendant's cross-motion for summary judgment. The parties have stipulated to the pertinent facts which we will set forth before discussing the merits of their claims.

On November 9, 1989 plaintiff was injured when a forklift operator backed over his foot while plaintiff was standing on the ground strapping a load of cement blocks onto a flatbed trailer. Plaintiff was insured under a policy of insurance issued by defendant, Erie Insurance Exchange. The policy, number Q11-1402495 A, was in full force and effect at the time of the accident. Plaintiff completed an application for benefits under the terms of the policy on December 12, 1989. Plaintiff sought first-party benefits for loss of earnings as a result of the accident.

Defendant denied plaintiff's lost-earnings claim based on an exclusion in plaintiff's policy. Said provision excludes from coverage the payment of benefits to any person injured as a result of loading or unloading a motor vehicle except while occupying a motor vehicle. Defendant further contends that coverage is not applicable under the Pennsylvania Motor Vehicle Financial Responsibility Law because the accident did not arise out of the maintenance or use of a motor vehicle.

Pennsylvania Rule of Civil Procedure 1035 provides that a motion for summary judgment shall be granted when the pleadings, depositions, interrogatories, admissions and supporting affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. In evaluating a motion for summary judgment, a trial court must accept as true all well-pleaded facts in the non-moving party's pleadings as well as the admissions on file, giving the non-moving party the benefit of all reasonable inferences to be drawn therefrom; the record must

be examined in the light most favorable to the non-moving party. *Spain v. Vincente,* 315 Pa. Super. 135, 461 A.2d 833 (1983). No genuine factual issue exists as evidenced by the parties' stipulation. The issue at hand is whether plaintiff or defendant is entitled to judgment as a matter of law.

The PMVFRL, section 1711, requires an insurer to include coverage for income loss benefits up to a monthly maximum of $1,000 with respect to injuries arising out of the maintenance or use of a motor vehicle. The PMVFRL further provides that "the insurer . . . shall make available for purchase first-party benefits with respect to injury arising out of the maintenance or use of a motor vehicle as follows. . . (2) income loss benefits. . ." 75 Pa.C.S. §1712.

Plaintiff posits that his injuries arose from the "maintenance or use" of his motor vehicle. The threshold issue is what constitutes "maintenance or use" of a motor vehicle. The term is not defined in the PMVFRL. Section 1921(c)(5) of the Statutory Construction Act of 1972, 1 Pa.C.S. §1921(c)(5), provides that when the words of a statute are not explicit, the former law on the subject is one of the matters that may be considered in order to ascertain the intent of the legislature. We are guided by the definition provided in the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. §1009.101 et seq. (repealed). The No-fault Act provided:

" 'Maintenance or use of a motor vehicle' means maintenance or use of a motor vehicle as a vehicle, including occupying, entering into or alighting from it. Maintenance or use of a motor vehicle does not include:

. . .

"(b) conduct in the course of loading or unloading a motor vehicle unless the conduct occurs while

occupying, entering into or alighting from it. 40 P.S. §1009.103 (repealed); *Omodio v. Aetna Life and Casualty,* 384 Pa. Super. 544, 559 A.2d 570 (1989)."

Plaintiff must show that he was occupying, entering into or alighting from the trailer in order for the coverage to apply. Plaintiff need not establish that a causal connection rise to the level of proximate cause; but he must show that the connection between the vehicle and his injuries is more than mere happenstance. *Roach v. Port Authority of Allegheny County,* 380 Pa. Super. 28, 550 A.2d 1346 (1988).

Plaintiff maintains he was injured while he was occupying the tractor-trailer. Plaintiff relies on *Spisak v. Nationwide Mutual Insurance Co.,* 329 Pa. Super. 483, 478 A.2d 891 (1984). The *Spisak* court noted that the real issue is what instrumentality caused the injury. In *Spisak,* two occupants of a motor vehicle were killed by carbon monoxide fumes from the automobile while engaged in love-making in the back seat. The court held that for purposes of the No-fault Act, the vehicle was the instrumentality which caused the injuries. Here, plaintiff's injuries were not caused by his vehicle or any other vehicle. He was injured by an unregistered forklift. The forklift was the instrumentality which caused his injuries.

Plaintiff maintains that for purposes of the PMVFRL he was an "occupant" of the motor vehicle as the phrase is defined for purposes of "maintenance or use of a motor vehicle." Plaintiff cites a number of cases dealing with the Pennsylvania Uninsured Motorist Law, namely *Schultz v. Nationwide Insurance Co.,* 373 Pa. Super. 429, 541 A.2d 391 (1988); *Utica Mutual Insurance Co. v. Contrisciane,* 504 Pa. 328, 473 A.2d 1005 (1984). These cases are not controlling for the purpose of

defining "occupant" as used in the definition of maintenance or use of a motor vehicle. As stated previously, we are guided by the No-fault Act and its supporting case law. The Superior Court stated in *Cerato v. Holy Redeemer Hospital,* 342 Pa. Super. 551, 493 A.2d 728 (1985):

"[T]he Act defines the extent of an insured's coverage in terms of the period during which he is in physical contact with a motor vehicle, that is his entrance into, occupation of, and exit from it."

At the time of the accident, plaintiff was not entering or exiting his vehicle. He was standing on the ground fastening his load to the trailer. Likewise, plaintiff was not occupying the vehicle either.

Plaintiff's claim that he was engaged in a transaction essential to the use of the vehicle and therefore was occupying the vehicle is also without merit based on the facts before us. See *Schultz v. Nationwide Insurance Company,* 373 Pa. Super. 429, 541 A.2d 391 (1988). If plaintiff's argument was accepted, it would render the exclusion of loading and unloading null and void. Plaintiff was not occupying, entering, or exiting the vehicle at the time of the incident, thus the exclusion applies. We do not believe the legislature intended the result supported by plaintiff.

Defendant, Erie Insurance Exchange, has met its burden and is entitled to a judgment as a matter of law. An order denying plaintiff's motion for partial summary judgment and granting defendant's cross-motion for summary judgment will be entered accordingly.

## ORDER

Now, December 6, 1990, it is hereby ordered and decreed that defendant's cross-motion for summary

judgment is granted and plaintiff's motion for partial summary judgment is denied.