## Lucas-Raso v. American Manufacturers Insurance Co.

*Terence Sean McGraw,* for plaintiff.

*Diane M. Matlesky,* for defendant American Manufacturers Insurance Co.

GARB, *J.,* March 5, 1993—This is a declaratory judgment action. Plaintiff seeks a declaration of whether defendant, American Manufacturers Co., may be subrogated to any recovery she makes as a result of a personal injury claim she has filed against the other defendants herein. We will declare herein that the said defendant may assert a subrogation right against that recovery.

For purposes of this declaratory judgment action, the facts are not in dispute. Plaintiff testified that on January 10, 1987, she was the store manager for the Fashion Bug located in the Gilbertsville Shopping Center. On that morning, she drove to work. It was snowing. It was still snowing when she arrived at the parking lot of the shopping center, and there was a dusting of snow

on the surface. She parked in the shopping center parking lot in front of the World Travel Store which was immediately next door to the Fashion Bug. She parked facing a driveway immediately in front of those stores. She got out of her car, locked it, and crossed the access lane within the parking lot immediately adjacent to the Fashion Bug. It was still snowing. She waited until the assistant manager arrived, and then, pursuant to company policy, they both entered the store. They went to the rear of the store where they secured the proceeds of the previous day's business, calculated it, and checked it with the register tapes. She then prepared the deposit slip and put the deposit and the deposit slip in a locked bank bag. Once again, pursuant to company policy, she and the assistant left the store with the deposit bag, re-locking the store. They walked to her car where she unlocked the passenger door and the assistant manager entered the car. It was their intention to drive the bank deposit bag to the bank so as to make the deposit. It was company policy for this entire procedure to be followed, including the two of them driving the deposit bag to the bank, which was located in the same shopping center. After the assistant manager had entered the vehicle, the plaintiff began to walk towards the rear of the vehicle with the intention of walking around the car and to the driver's side door where she intended to enter it in order to drive to the bank. As she was walking towards the rear of the car, she fell in a hole in the parking lot. She was not touching the car at that time and did not fall against it. The fall, apparently, was caused by a hole in the parking lot and a slippery condition caused by the still falling snow.

The defendant felt that she was hurt and sat on the ground for a few moments in order to collect herself. Of course, the assistant manager got out of the car and

eventually helped her to her feet. She thereupon walked around the car, got into the driver's seat, and they then drove to the bank where the deposit was made. It was this fall which forms the basis of the lawsuit against the other defendants.

As a result of the fall and whatever injuries she incurred, in addition to the lawsuit heretofore referred to she made a claim for workers' compensation benefits. As a result of that claim, she has received benefits in the approximate amount of $35,000. As a result, the defendant, American Manufacturers Insurance Co., the workers' compensation carrier, intends to assert a subrogation claim against any recovery she makes against the other defendants named herein.

The Act of February 12, 1984, P.L. 26, no. 11, §3, 75 Pa.C.S. §1701 et. seq. is a chapter of the Vehicle Code and is known as the Motor Vehicle Financial Responsibility Law, essentially the successor to the Uninsured Motorists' Statute. Section 1720 of that statute provides in relevant part as follows:

"In actions arising out of the maintenance or use of a motor vehicle, there shall be no right of subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits, benefits available under section 1711 (relating to required benefits) 1712 (relating to availability of benefits) or 1715 (relating to availability of adequate limits) or benefits paid or payable by a program, group contract or other arrangement, whether primary or excess under section 1719 (relating to coordination of benefits)."

The question for determination is the meaning of the term "maintenance or use of a motor vehicle" as that term is used in this section.

In construing the language of this section, we begin with the observation that the Motor Vehicle Financial

Responsibility Law provides that there shall be no subrogation of a claimant's tort recovery with respect to workers' compensation benefits where the benefits received rise from the use of a motor vehicle. *Allstate Insurance Co. v. McFadden,* 407 Pa. Super. 537, 595 A.2d 1277 (1991). While use or maintenance of a motor vehicle may have different meanings depending upon the purpose for which these terms are being applied (for example, in application to the sections of the Vehicle Code dealing with driving while under the influence of intoxicating liquor or driving while under suspension or revocation), the critical determination has to do with the purpose for which those terms are used in this section. In specifically referring to sections 1711, 1712 and 1715 of the Act, First-Party Benefits, the Legislature is clearly declaring that there shall be no subrogation rights for such payments or payments under the Workmen's Compensation Law where a recovery has been made outside of the Financial Responsibility Act. It is perfectly clear that the purpose of this legislation is to provide complete insurance coverage to the Commonwealth's motorists with the recognition that an employee injured in a job-related motor vehicle accident may be more in need of workers' compensation benefits than in any other on-the-job injury. See *Walters v. Kamppi,* 118 Pa. Commw. 487, 545 A.2d 975 (1988). However, it cannot be said that every injury wherein there is some motor vehicle connection, regardless of how tenuous, is insulated from the subrogation rights of the workers' compensation carrier.

Bearing in mind, once again, that this section is a part of the Motor Vehicle Financial Responsibility Act, those cases which decide when first-party benefits are payable are instructive. Clearly, the Motor Vehicle Financial Responsibility Law, like its predecessor, the No Fault Act, is not a general liability insurance intended to cover all

injuries, no matter how remotely connected with the use or maintenance of a motor vehicle, but is intended to cover motor vehicle accidents. See *Camacho v. Nationwide Insurance Co.,* 314 Pa. Super. 21, 460 A.2d 353 (1983), *aff'd,* 504 Pa. 351, 473 A.2d 1017 (1984). Automobile insurance is designed to compensate for vehicle-caused injuries. *Smith v. United Services Automobile Assn.,* 392 Pa. Super. 248, 572 A.2d 785 (1990). There must be some causal connection between the motor vehicle and the injury before the motor vehicle insurer is required to pay first-party benefits. *Roach v. Port Authority of Allegheny County,* 380 Pa. Super. 28, 550 A.2d 1346 (1988). In *Roach,* for example, the plaintiff was riding on a bus and was injured as a result of a fight between two other passengers. Since there was no causal link between the injury and the use of a motor vehicle, the court held that the plaintiff's complaint for first-party benefits must be dismissed. In *Alvarino v. Allstate Insurance Co.,* 370 Pa. Super. 563, 537 A.2d 18 (1988), the lack of a causal connection precluded recovery where a child was bitten by a dog while riding in a motor vehicle. See also *McKelvey v. Prudential Property and Casualty Insurance Co.,* 392 Pa. Super. 216, 572 A.2d 769 (1990). (This latter case may be most instructive because there the insured injured his shoulder when he struck a door frame while rushing to his children after his house was struck by an automobile not covered under the Motor Vehicle Financial Responsibility Law.)

In *Huber v. Erie Insurance Exchange,* 402 Pa. Super. 443, 587 A.2d 333 (1991), the plaintiff was injured when he was loading materials into his vehicle. The trial court granted judgment on the pleadings for defendant and was affirmed, per curiam, by the Superior Court. In so holding, the court held as follows:

"In view of the purpose of the MVFRL, i.e., compensating victims of automobile accidents, and the legislative intent of restricting, to some extent, first-party coverage in order to keep insurance costs manageable, we must conclude that appellant has not shown a causal connection between his injuries and the vehicle. Accordingly, we affirm the trial court's order."

In this vein, we likewise fail to find a causal connection between plaintiff's injuries and her motor vehicle. Based upon these cases, we do not believe that she would qualify for first-party benefits. Such benefits are not paid "simply because an injury occurs in or around a motor vehicle." *Huber v. Erie Insurance Exchange, supra.* As such, this anti-subrogation provision of 1720, being a part of the same statute, likewise does not apply. Plaintiff suffered an injury as a result of a slip and fall in a parking lot. The mere fact that this happened in the vicinity of and while she was approaching her motor vehicle does not establish the requisite causal connection between her injuries and the vehicle. As such, section 1720 does not apply, and defendant, American Manufacturers Insurance Co., may assert its right of subrogation.

Other defendants in this case have likewise requested a declaration regarding the application of section 1722 of the Act. That Act provides in relevant part as follows:

"In any action for damages against a tort-feasor, or in any uninsured or underinsured motorist proceeding, arising out of the maintenance or use of a motor vehicle, a person who is eligible to receive benefits under the coverage as set forth in this subchapter, or workers' compensation ... shall be precluded from recovering the amount of benefits paid or payable under this subchapter, or workers' compensation..."

We will decline to make any declaration regarding the applicability of this section. This section can only come

into play if the case actually goes to trial. Under those circumstances, we think it is more appropriate for the trial judge to make this determination.

## ORDER

And now, March 5, 1993, it is hereby declared that section 1720 of the Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. §1720, is not applicable to any tort recovery which the plaintiff may make in this matter, and as such, defendant, American Manufacturers Insurance Co., may assert whatever rights of subrogation or reimbursement it may have from plaintiff's tort recovery.

It is further ordered that no declaration shall be made with respect to the applicability of section 1722, 75 Pa.C.S. §1722.